VAN VLIET *v.* VANDER NAALD.

1. RELIGIOUS SOCIETIES—CLASSIS—PARTICULAR SYNOD—PARTIES.

Reviewal of action of classis, a church body having original juris-
diction to depose ministers, in reinstating plaintiff whom it
had previously deposed, by particular synod, a church body
having appellate jurisdiction, upon complaint of a member of
the classis, not being a review of the action of plaintiff, he
is an outside party to the proceedings before the synod and
in no position to raise objections to the review.

2. SAME—REVIEW OF LOWER JUDICATORY'S ACTION BY HIGHER JUDICA-
TORY ON COMPLAINT OF MINORITY MEMBER.

Complaint of minority member of classis to particular synod of
action of classis in reinstating minister it had previously de-
posed gave synod jurisdiction under section of church con-
stitution providing that any member of the church or any
minority or member of such minority in a lower church judica-
tory who believed action of such judicatory was erroneous
might present a complaint to the next higher judicatory, which
complaint, if entertained, would give latter jurisdiction to
review record of case before lower judicatory.

3. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—RELIGIOUS SOCIETIES.

The statements made in the finding of a higher judicatory body
of a church, acting within the scope of its authority in the
course of a judicial proceeding reviewing the action of a lower
judicatory body which had reinstated a deposed minister, were
qualifiedly privileged.

4. RELIGIOUS SOCIETIES—COURTS—RELIGIOUS LIBERTY.

Civil courts will not enter into a consideration of church doctrine
or church discipline nor will they inquire into the regularity
of the proceedings of church tribunals having cognizance of
such matters, since to do so would be inconsistent with com-
plete and untrammeled religious liberty.

5. SAME—COURTS—PASSAGE OF RESOLUTIONS.

  Courts will not undertake to determine whether a resolution passed by a church body was passed in accordance with the canon law of the church except insofar as it may be necessary to do so in determining whether or not it was the church that acted therein.

6. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—BURDEN OF SHOWING UNTRUTH—MALICE.

  In an action of libel where it appears that the occasion is subject to a qualified privilege, the burden is upon the plaintiff to prove the untruth of the statements and actual malice.

7. RELIGIOUS SOCIETIES—DISCIPLINE OF MINISTERS.

  The determination of a higher judicatory body within a church that the action of a lower judicatory body which had previously deposed a minister after he had thrice committed adultery with a parishioner, in reinstating him had done so "without sufficient evidence of his penitence for the sin committed," reversed action of the lower tribunal and passed a resolution embodying its findings which was thereafter published in an official newspaper of the church held, action by such higher body peculiarly within the province of the church tribunals.

8. LIBEL AND SLANDER—DIRECTED VERDICT—QUALIFIED PRIVILEGE—MALICE—EVIDENCE.

  In action for libel in which record shows no evidence of malice, actual or implied, and it appeared that defendants, many of whom were personally unknown to plaintiff, a minister who had been reinstated by lower judicatory body of church which had deposed him, had acted as a higher judicatory body in reversing reinstatement and publication of findings embodied in resolution that the lower body's action had been taken without sufficient evidence of his penitence for the sin committed, and that plaintiff had destroyed his usefulness to the church, with regard to a consideration of decency, morality and the welfare of the church, defendants held, entitled to directed verdict.

Appeal from Kent; Brown (William B.), J. Submitted June 21, 1939. (Docket No. 105, Calendar No. 40,357.) Decided September 6, 1939. Rehearing denied November 9, 1939.

Case by William J. Van Vliet against Henry Vander Naald and others for libel. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Charles Lemuel Dibble,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal, Marinus Den Herder* and *Nelson A. Miles,* for defendants.

McALLISTER, J. William J. Van Vliet, plaintiff herein, a member of the Reformed Church of America, sued defendants, including ministers of the same denomination and also the members of the particular synod of the same church, in an action for libel. The case was tried before a jury and at the conclusion of plaintiff's proofs, on motion of counsel for defendants, the trial court directed a verdict of no cause of action upon which judgment was entered. Plaintiff appeals.

In 1932, plaintiff was pastor of the Fourth Reformed Church in Kalamazoo. In the course of his pastoral duties, he called at the home of a woman parishioner, who was married and the mother of children, and committed adultery with her which was repeated on two other occasions. Some months afterward he confessed his action to the husband of the woman and thereafter disclosed it to the consistory of his congregation. The matter was then referred to the classis of Kalamazoo, the church body having original jurisdiction to depose ministers. Plaintiff was suspended by the classis and in September, 1932, he was deposed. Thereafter, on several occasions, plaintiff petitioned the classis for reinstatement but was refused and although at one time his petition was favored by a majority, it failed for the reason that the classis by resolution had re-

quired a two-thirds majority for affirmative action. The matter was finally again resubmitted to the classis, by a resolution which required only a majority, and resulted in a vote of 17 in favor of the petition, 16 against, and one not voting; and thereupon plaintiff was declared reinstated. However, one of the members of the classis filed complaint against the action of that body with the particular synod, the appellate tribunal of the church, which resulted in the reversal of the action of the classis, and the passage of a resolution by the particular synod which set forth:

"1. The reinstatement of the Wm. Van Vliet was granted without sufficient evidence of his penitence for the sin committed.

"2. Each consideration of the matter by classis was a separate and distinct case; and therefore the Wm. Van Vliet should have appeared personally to give evidence of his penitence at the meeting of classis Kalamazoo on April 9–19, 1935.

"3. At former sessions of classis Kalamazoo when this matter was considered, classis set the precedent of requiring a two-thirds majority vote for decision; it was therefore unwise on the part of classis to decide the matter finally by a mere majority vote.

"4. The Wm. Van Vliet has destroyed his usefulness as an active Minister of the Word in the Church of Jesus Christ."

This judgment was then communicated to, and published by The Intelligencer-Leader, the official newspaper of the Reformed Church in America, which is read throughout that denomination; and it is this publication upon which plaintiff bases his action of libel.

Plaintiff complains that the action of the synod was irregular, due to the fact that the complaint was

not filed in a proper manner with the classis; that the classis had too brief a time to prepare for a hearing before the synod; that the action of the synod was based upon insufficient proofs, and mistaken representations; the classis, however, did not complain to the synod on this ground, and its representative appeared before that body, and submitted detailed answer and defense of its action. The judgment of the synod was a reversal of the action of the classis. Plaintiff was not a party to the proceeding. He was not before the synod on an appeal, and there is no similarity in the church law between the hearing and judgment on complaint of the action of a classis, as in this case, and an individual appeal by a direct party to the proceeding. Notes to the constitution of the Reformed Church considered as authority in this case, and introduced in evidence, provide:

"A complaint is entirely different from an appeal. An appeal is an address to higher judicatory by a party directly ruled against by decision of the lower judicatory who asks judicial review of the case. A complaint is an address to the higher judicatory by one not directly dealt with by any act or judicial decision of lower judicatory but who on general grounds of justice and regularity feels that a certain procedure of the lower body has been incorrect and injurious. The complaint must be by way of formalities the same as those required for an appeal, the notice, the complaint itself with reasons, the address to the president of the lower body within the specified periods. The effect of the complaint presented in orderly way and given formal recognition is to bring the whole record with which it is concerned under review. The higher judicatory will examine the proceedings, not by way of formal trial, and will render its judgment, approving or disapproving."

Any objections to the form and method of review by the synod of a complaint against the classis would be properly raised by the classis. In this case it was the action of the classis that was being reviewed, and not the action of plaintiff, and, being an outside party to the proceedings, he is in no position to raise objections to such review.

Counsel for plaintiff states in his brief:

"There is no question about the general proposition that a church tribunal, acting within the scope of its authority, is not to be called in question for statements made in the course of a judicial proceeding, whether the statements be true or false. There is also no question that the classis and the particular synod of Chicago have both legislative and judicial functions under the Constitution of the Reformed Church and in general are entitled to the protection of privilege."

In section 174 of the church constitution, it is provided:

"Any member of the church, or any minority or any member of such minority in a lower church judicatory, who shall consider any act or judicial decision or any part of the formal proceedings thereof to have been so erroneous as to affect injuriously the interests of truth, godliness, or the Kingdom of God, may present a complaint against such act or decision to the next higher judicatory for examination and decision. Such complaint, if entertained, brings the whole record of the case under the review of the higher judicatory."

The synod had jurisdiction of the complaint.

The statements made in the finding of the synod acting within the scope of its authority in the course of a judicial proceeding were qualifiedly privileged. Civil courts will not enter into a consideration of

church doctrine or church discipline nor will they inquire into the regularity of the proceedings of church tribunals having cognizance of such matters. To do so would be inconsistent with complete and untrammeled religious liberty. Nor will courts, as civil tribunals, undertake to determine whether a resolution was passed in accordance with the canon law of the church, except insofar as it may be necessary to do so in determining whether or not it was the church that acted therein.

Where it appears that the occasion is subject to a qualified privilege, the burden is upon the plaintiff to prove the untruth of the statements and actual malice.

"If the charges were true, or if the defendants honestly believed them to be true, though they were in fact untrue, and believed them to be incompatible with their church principles, and derogatory to the welfare of the church and community where the church was established, the communication was privileged. Without other evidence than the letter itself to show falsity and malice, the jury were not at liberty to find either or both, without which the verdict and judgment cannot stand. Upon this record, we think the court should have directed a verdict for the defendants." *Konkle* v. *Haven,* 140 Mich. 472, 478.

With regard to the finding by the synod that the reinstatement of plaintiff was granted by the classis "without sufficient evidence of his penitence for the sin committed," it is plain that the courts of this State have no authority to consider what a sufficient penitence is according to the doctrine or discipline of the Reformed Church. The determination of such questions is peculiarly within the province of the church tribunals, and it would be absurd to submit

to a jury as a question of fact whether the plaintiff had shown sufficient penitence for reinstatement. Plaintiff himself at the time of his confession and for a period of time subsequent thereto considered that he had destroyed his usefulness as a minister. The least that could be said regarding the action of the synod with respect to its findings in this regard was that it was speaking within the scope of its authority in the course of a judicial proceeding.

We have made a careful examination of the record in this case and find no evidence of any malice, actual or implied. By far the greater number of the defendants appear to be personally unknown to plaintiff. With regard to others, it appears that, as ministers of the church, they acted with regard to a consideration of decency, morality and the welfare of the church. The trial court did not err in directing the jury to return a verdict of no cause of action.

Judgment affirmed, with costs to defendants.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.