FIRST PROTESTANT REFORMED CHURCH *v.* DeWOLF.

1. Religious Societies — Church Property — Organization of Church.

The trial court's finding that plaintiff church was dedicated to the discipline, rules and usages of the Protestant Reformed Churches of the United States as authorized and declared from time to time by the classis of said churches and that the church order became the constitution of the church, to which every member subscribed and that the court was bound to recognize it as controlling the issues as to the rights of defendants and cross defendants to the church property is affirmed under record presented, wherein it appears that defendants had been suspended and deposed while the cross defendants had not departed from the doctrines and practices of such church.

2. Same—Ecclesiastical Matters—Courts.

A court may not substitute its opinion in lieu of that of the authorized tribunals of the church in ecclesiastical matters.

3. Same—Church Orders—Confession of Faith.

The church orders are the supreme law and the constitution of the Protestant Reformed Church, the sole and exclusive authority to settle questions as to who adhere to the confession of faith and to decide what the confession of faith of the church is or shall be.

---

References for Points in Headnotes

[1] 45 Am Jur, Religious Societies § 18.
[2, 8, 10, 13] 45 Am Jur, Religious Societies § 60.
[3] 45 Am Jur, Religious Societies § 14.
[3, 4] 45 Am Jur, Religious Societies § 40.
[4] 45 Am Jur, Religious Societies §§ 41, 43.
[5] 45 Am Jur, Religious Societies § 45.
[7, 12] 45 Am Jur, Religious Societies § 55.
[8–11] 45 Am Jur, Religious Societies § 59.
[14] 45 Am Jur, Religious Societies § 64.

4. SAME—CHURCH ORGANIZATION—TRIBUNALS TO TRY HERESY.

The synod of the Protestant Reformed Church is a proper body to hear, try and determine whether the action of a minister and his followers was heretical and in conflict with the confession of the church and the decision of the synod, the classis and the consistory in the matter is final and binding on the court.

5. SAME—HERESY OF MINISTER—REMOVAL BY CLASSIS.

A minister of the Protestant Reformed Church who refuses to retract statements, decided by the synod or classis to be heretical, subjects himself to being deposed by the classis under the church order, subject to being legally and properly removed.

6. SAME—SUSPENSION OF MINISTER—HERESY.

Suspension and deposition of defendant minister and elders of plaintiff church for their heresy *held,* not subject to any substantial infirmity in steps taken to reach such conclusion within the church organization.

7. SAME—PROPERTY—ADHERENTS OF FAITH.

Property that is dedicated to the use of a religious denomination cannot thereafter be diverted to the use of those who depart from that faith but must remain for the use and benefit of those who still adhere to the faith, though they may be a minority.

8. SAME—CIVIL COURTS—RELIGIOUS LIBERTY.

Civil courts will not enter into a consideration of church doctrine or church discipline nor will they inquire into the regularity of the proceedings of church tribunals having cognizance of such matters, since to do so would be inconsistent with complete and untrammeled religious liberty.

9. SAME—ECCLESIASTICAL AFFAIRS—COURTS.

Judicial interference in the purely ecclesiastical affairs of religious organizations is improper.

10. SAME—PROPERTY RIGHTS TESTED BY CIVIL LAWS.

Courts are concerned in church disputes with property rights only and those rights may be protected by court order if occasion requires and such rights are tested by the civil laws.

11. SAME—DOCTRINE—DISCIPLINE—REGULARITY OF PROCEEDINGS OF CHURCH TRIBUNALS—FREEDOM OF WORSHIP—PROPERTY RIGHTS.

While courts do not interfere in matters of church doctrine, church discipline, or the regularity of the proceedings of

church tribunals, and refuse to interfere with the right of religious groups to worship freely as they choose, the question of the property rights of the members is a matter within the jurisdiction of the courts and may be determined by the court.

12. SAME—PROPERTY—WITHDRAWAL OF MEMBERS.

While members of a church possess the right to withdraw from it, with or without reason, yet they cannot take with them, for their own purposes, or transfer to any other religious body, the property dedicated to and conveyed for the worship of God under the discipline of the religious association to which said church belongs; nor can they prevent the use of such property by those who choose to remain in the church, and who represent the regular church organization.

13. SAME—PROPERTY RIGHTS—ECCLESIASTICAL AFFAIRS.

The judicial determination of property rights as between 2 church groups claiming church property does not constitute an unlawful interference with ecclesiastical affairs of a church.

14. APPEAL AND ERROR—CHANCERY CASES—INJUNCTION AS TO USE OF CHURCH PROPERTY.

A suit to enjoin use of church property by defendants is heard *de novo* by the Supreme Court.

15. SAME—REMAND—DAMAGES.

Cause is ordered remanded for purpose of taking testimony, if necessary, as to an accounting by defendant nonadherents to plaintiff church with authority to modify decree in such respect, where decree appealed from was silent on damages plaintiff church suffered by reason of its occupancy by defendant nonadherents and amount adherents had to pay for the use of other property.

Appeal from the Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 6, 1956. (Docket No. 39, Calendar No. 46,659.) Decided March 1, 1956.

Bill by the First Protestant Reformed Church of Grand Rapids, a Michigan corporation, against Hubert DeWolf, and others claiming right of control, to restrain use of name and property of church. Cross bill by DeWolf faction against Herman

Hoeksema and others to establish rights. Decree for plaintiff determining right of Herman Hoeksema faction in and to church name and property. Defendants appeal. Affirmed.

*Robert S. Tubbs,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal (John H. Vander Wal* and *Jay W. Linsey,* of counsel), for defendants.

Boyles, J.   This case comes here through an appeal by the defendant Hubert DeWolf and several other individuals who are in accord with his claims, seeking to set aside a decree of the superior court of Grand Rapids which holds that the legal and only board of directors of the plaintiff First Protestant Reformed Church of Grand Rapids, a Michigan ecclesiastical corporation, is the consistory of said church of which one Herman Hoeksema is president and one Gerrit Stadt is clerk. Hereinafter, for brevity and clarity, the plaintiff may, on occasion, be referred to as the Hoeksema church, and the defendants-appellants as the DeWolf church.

The fundamental question involved is whether the plaintiff Hoeksema church or the defendant DeWolf church owns the church building and other property, and therefore has the right to its possession and control. The decree enjoins the defendants from claiming to be the legal consistory of the church, and from interfering with the plaintiff's possession and control over the church property unless they be recognized as members in good standing of the plaintiff church by the legal consistory of said church, under the ecclesiastical rules adopted for such purpose. The decree also requires the defendants to account to and turn over to the said legal consistory all money and other property which they now hold

for or in the name of said First Protestant Reformed Church of Grand Rapids.

In 1926 the plaintiff church was incorporated as an ecclesiastical corporation under the provisions of PA 1921, No 84.* The name was changed to its present form by amendment of articles in 1927, at which time the Reverend Hoeksema was president. The plaintiff church was incorporated by Reverend Hoeksema and others following our decision in *Holwerda* v. *Hoeksema*, 232 Mich 648, to which reference will be made later herein; and apparently was the result of a controversy which arose in East Street Christian Reformed Church of Grand Rapids, discussed in said opinion, which had resulted in the suspension of Reverend Hoeksema as minister of that church.

Following the above incorporation, other Protestant Reformed Churches were organized in other cities, becoming 12 in number by 1951.

Under the articles, the constitution and the church orders of the plaintiff church, the consistory, 2 boards of classis and a church synod came into existence. By 1951 the church had a large membership and had acquired substantial holdings of real estate, including a church and parsonages. Two of its 3 ministers were Hoeksema, and Hubert DeWolf the appellant herein. The church was governed by the rules and usages declared and authorized by the classis of said churches, the articles, and the church order. Control and possession of the property of the church was thereby placed in the consistory representing the membership of the church.

In 1951 and 1952 protests were filed with the consistory complaining that statements made in sermons by the Reverend DeWolf were heretical. In October, 1952, the consistory condemned these statements as

* See CL 1948, § 450.178 (Stat Ann § 21.179).

being heretical and requested Reverend DeWolf to apologize. However, Reverend DeWolf advised that he would not conform, whereupon he was first released from duties, but shortly thereafter returned to office. The controversy continued, further protests were filed in 1953, and at meetings of the classis in April and May, 1953, the protests were considered, the consistory took action to suspend Reverend DeWolf and to depose others of the elders of the church if they refused to apologize for the alleged heretical statements. They continued to refuse to apologize. Other meetings of the classis and consistory were held. Claims are made by the defendants-appellants that some of these meetings were illegal, not properly called or not properly representative, and a claim is made that on 1 occasion the action was not taken by a majority vote. Claim is further made that some delegates were ineligible to vote. At a meeting held June 23, 1953, these matters, including the action to depose Reverend DeWolf and certain others, were considered, followed by a meeting June 25th, presided over by Reverend Hoeksema. Reverend DeWolf and several elders who supported him were suspended from office or deposed. Two of the deposed elders who supported Reverend DeWolf notified the consistory of the refusal to recognize what they claimed to be illegal suspensions and depositions. The consistory was notified by the suspended members that they claimed to be the legal consistory of the church, entitled to possession and control of the church and other properties.

Then Reverend DeWolf and his supporters took possession of the church, changed the locks on the doors, and excluded the opposing (Hoeksema) faction from its use. The consistory supporting the Hoeksema faction and that part of the church congregation supporting Hoeksema then found another

place in which to conduct church services, and have since continued to hold services there. They made no attempt to forcibly re-enter the church.

The controversy having reached this acute stage as the result of differing claims as to the authority of the Hoeksema consistory, the legality of its meetings and of the action taken by it, the Reverend De-Wolf faction continued to hold possession of the property. This was contrary to the action taken by the consistory, which had been supported by other members under the church orders; and also contrary to action taken by the classis and synod which had supported the suspension and deposition of the De-Wolf faction. Thereupon the plaintiff church filed the instant bill of complaint claiming that the Hoeksema church had the only legal consistory, and as the legal representative of the church had authority for its acts. The defendants Reverend De-Wolf and the deposed elders answered and sought affirmative relief, claiming to be the legal representatives of the church. Issue was joined and several hundred pages of testimony taken by the court, stating the respective claims of each faction as to their construction of the articles, constitution and church orders; and their respective views as to the legality of the various meetings and action taken by the Hoeksema consistory. The record shows that the articles and constitution, and the church orders of said First Protestant Reformed Church, and the affiliated Protestant Reformed Churches, are substantially the same as those of the Christian Reformed Churches which preceded the present church organization and out of which it grew. They have been under consideration by this Court in *Borgman* v. *Bultema,* 213 Mich 684; and *Holwerda* v. *Hoeksema, supra.*

The trial judge hearing the case, and relying upon those decisions, concluded that the plaintiff First

Protestant Reformed Church, under its articles and constitution, and the church order, was dedicated to the discipline, rules and usages of the Protestant Christian Reformed Churches of the United States, as authorized and declared from time to time by the classis of said churches. The court concluded that the church order became the constitution of the church, to which every member subscribed, and that the court was bound to recognize it as controlling the issues.

We are in accord. We decline to hold, with the defendants, that the Hoeksema consistory had departed from the doctrines and practices of the Protestant Reformed Churches. We have consistently held that the court may not substitute its opinion in lieu of that of the authorized tribunals of the church in ecclesiastical matters. The consistory is the governing body of the church, in conjunction with the classis and the synod. The powers and the functions of the consistory, the classis and the synod are fully set forth and explained in *Borgman* v. *Bultema* and *Holwerda* v. *Hoeksema, supra.* They need not be repeated here. In said decisions we have settled the question that the articles and the church orders are the supreme law and the constitution of the church, the sole and exclusive authority to settle questions as to who adhere to the confession of faith, and to decide what the confession of faith of the church is or shall be. We have further held that the synod was a proper body to hear, try and determine whether the action of the defendant Reverend DeWolf and his followers was heretical and in conflict with the confession of the church; and that the decision of the synod, the classis and the consistory in the matter is final and binding upon the court. In *Borgman* v. *Bultema, supra,* we settled the question that where the defendant minister refuses to retract statements thus decided to have been heretical, he subjects him-

self to being deposed by the classis under the church order, subject to being legally and properly removed. We do not agree with the defendants that there was any substantial infirmity in the steps taken to reach that conclusion, in the instant case.

"Where property is dedicated to the use of a religious denomination it cannot thereafter be diverted to the use of those who depart from that faith, but must remain for the use and benefit of those who still adhere to the faith, though they be a minority.

"The synod, being the proper body to hear, try, and determine whether a certain book of defendant minister of the local church at Muskegon is in conflict with the confession of faith of the church, its decision in the matter is final and binding upon the courts." *Borgman* v. *Bultema* (syllabi), *supra.*

"The decision of the court below that the classis had jurisdiction to act, did act, and that defendants are bound by its decision excluding them from the denomination without right of stay of proceedings pending appeal to the supreme governing body of the church, *held,* justified by the record." *Holwerda* v. *Hoeksema* (syllabus), *supra.*

"Civil courts will not enter into a consideration of church doctrine or church discipline nor will they inquire into the regularity of the proceedings of church tribunals having cognizance of such matters, since to do so would be inconsistent with complete and untrammeled religious liberty." *Van Vliet* v. *Vander Naald* (syllabus), 290 Mich. 365.

"Judicial interference in the purely ecclesiastical affairs of religious organizations is improper.

"In church disputes, courts are concerned with property rights only, and those rights may be protected by court order if occasion requires." *Berry* v. *Bruce* (syllabi), 317 Mich. 490.

"Civil courts do not interfere in matters of church polity that are purely ecclesiastical, but when prop-

erty rights are involved they are to be tested in the civil courts by the civil laws." *Holt* v. *Trone* (syllabus), 341 Mich 169.

It is obvious that the real dispute in this case between the Hoeksema church group and the DeWolf church group has for its objective the ownership of the church property and the right to its possession and control. While courts do not interfere in matters of church doctrine, church discipline, or the regularity of the proceedings of church tribunals, and refuse to interfere with the right of religious groups to worship freely as they choose, the question of the property rights of the members is a matter within the jurisdiction of the courts and may be determined by the court.

"While members of a church possess the right to withdraw from it, with or without reason, yet they cannot take with them, for their own purposes, or transfer to any other religious body, the property dedicated to and conveyed for the worship of God under the discipline of the religious association to which said church (a voluntary association) belongs; nor can they prevent the use of such property by those who choose to remain in the church, and who represent the regular church organization." *Fuchs* v. *Meisel* (syllabus), 102 Mich 357 (32 LRA 92).

"In matters of church polity purely ecclesiastical, civil courts do not interfere, but when property rights are involved they are to be tested in the civil courts by the civil laws." *Calvary Baptist Church of Port Huron* v. *Shay* (syllabus), 292 Mich 517.

"The judicial determination of property rights as between 2 church groups claiming church property does not constitute an unlawful interference with ecclesiastical affairs of a church.

"While membership in a church organization may be withdrawn with or without reason, such right of withdrawal does not carry with it the right to take

the church property away from the regular church
organization nor prevent its use for purposes of
worship by those who chose to remain in the church."
*United Armenian Brethren Evangelical Church* v.
*Kazanjian* (syllabi), 322 Mich 651.

The instant case closely parallels the *Borgman*
and *Holwerda Cases, supra,* and is controlled by the
decisions therein. Although we hear this chancery
case *de novo,* we do not reach a different result than
that which was announced by the trial court. We
find that the defendants are not entitled to owner-
ship, possession or control of the church property;
and that the consistory of the plaintiff church, as
constituted with Reverend Hoeksema as president,
and Gerrit Stadt as clerk, is legally entitled to the
possession and control of the physical properties of
the corporation. The decree which grants plaintiff
the relief prayed for, and restrains the defendants
from interfering with the plaintiff corporation in its
use of its property, is affirmed to that extent.

Consideration must be given to the plaintiff-appel-
lee's claim that the decree should be modified to the
extent of granting the plaintiff-appellee damages in
the nature of rent for the period of time during
which the defendants have excluded the plaintiff cor-
poration from the use of its property. In that
connection, the decree is silent. However, we find
nothing in the record to support such a claim by the
appellee, except some scant testimony as to the prob-
able rental value of the church property. There is
no proof of the amount paid by plaintiff for the
use of other property, the amounts collected by the
DeWolf church, or like issues which might properly
have been made a matter of proof for an account-
ing, at the hearing of this case in the trial court.
We find nothing here to justify a finding that the
plaintiff should be decreed any specific sum of money
as damages to be paid by the defendants-appellants

for rental during the period they have occupied the church, or otherwise. Therefore, no such modification will be made here in the decree; but an order will be entered here remanding the case to the trial court for the taking of further testimony, if necessary, as to an accounting, with authority to modify the decree as entered in that respect; and for enforcement thereof. See *Komarynski* v. *Popovich,* 232 Mich 88, at p 100, and *Holwerda* v. *Hoeksema, supra,* at p 656.

The decree as entered is otherwise affirmed, with costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, REID, KELLY, CARR, and BLACK, JJ., concurred.