DORLIN v PROVIDENCE HOSPITAL

Docket No. 59161. Submitted June 14, 1982, at Detroit.—Decided
    August 25, 1982.

Renee Dorlin in 1967 had a blood test done by Providence
    Hospital to determine whether she was a carrier of the gene
    which causes sickle cell anemia. The test reports were positive
    and Ms. Dorlin was informed that she was a carrier of the
    gene. In 1970, Ms. Dorlin was married and in March, 1971,
    gave birth to a child, Desiree Dorlin. In November, 1971,
    Desiree was diagnosed as having sickle cell anemia. In 1979,
    Renee Dorlin, individually and as next friend of Desiree Dorlin,
    brought an action in Oakland Circuit Court against Providence
    Hospital, alleging that the defendant failed to inform her of the
    consequences of being a carrier of sickle cell anemia and that,
    had she been so informed of the consequences of being a
    carrier, she would have considered marrying a noncarrier or
    not having children. Plaintiff's individual claim was for "wrong-
    ful birth" and sought damages for medical expenses and mental
    distress. Plaintiff's claim as next friend of Desiree was for
    "wrongful life" and sought damages occasioned by the life of
    sickness and suffering Desiree must endure. Defendant moved
    for summary judgment on the "wrongful life" claim on the
    basis that such an action does not exist in this state and for
    accelerated judgment on the "wrongful birth" claim on the
    basis that the statute of limitations had run. Robert C. Ander-
    son, J., granted both of defendant's motions. Plaintiff appeals.
    Held:

    1. Michigan does not recognize an action for "wrongful life".
    Accordingly, the trial court properly granted summary judg-
    ment in favor of defendant on the claim brought on behalf of
    the child.

    2. The action by the mother for medical expenses and mental
    distress arising out of the "wrongful birth" of the child is an

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230 et seq.
[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 321.
    Am Jur 2d New Topic Service, Right to Die; Wrongful Life § 75.
    Tort liability for wrongfully causing one to be born. 83 ALR3d 15.

action for medical malpractice and, thus, is governed by the two-year malpractice statute of limitations. Since plaintiff should have known of the alleged malpractice upon the diagnosis in 1971 that Desiree had sickle cell anemia, both the statutory two-year period after last treatment and the statutory six-month period after discovery had run long before plaintiff commenced her action. The trial judge properly granted accelerated judgment in favor of defendant on plaintiff's claim as an individual.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based upon the plaintiff's failure to state a claim upon which relief may be granted is to be tested by the pleadings alone, taking as true the factual allegations of the complaint; the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. ACTIONS — WRONGFUL LIFE — GENETIC DISORDERS.

A child born with a genetic disease has no cause of action against a hospital arising out of the failure to inform the child's mother of the consequences of being a carrier of that genetic trait; there exists in Michigan no action for "wrongful life".

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — GENETIC DISORDERS.

An action by a parent seeking damages arising out of the birth of a child with a genetic disease and based upon inadequate genetic counseling of the parent prior to the conception and birth of the child is governed by the medical malpractice statute of limitations; such actions must be brought within two years of the last treatment of the parent or six months after the child is diagnosed as having the genetic disease, whichever is later (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate* and *Gary D. Siegel),* for plaintiff.

*Martin, Bacon & Martin, P.C.,* for defendant.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

D. C. RILEY, J. Renee Dorlin had a blood test performed in 1967 at Providence Hospital in order to determine whether or not she was a sickle cell anemia carrier. The results indicated that she was a carrier and she was informed of that fact. Ms. Dorlin allegedly was not informed about the consequences of being a sickle cell anemia carrier. In 1970, Ms. Dorlin married and, shortly thereafter, became pregnant. On March 18, 1971, Ms. Dorlin gave birth to Desiree Dorlin. Later that year, in November, Desiree was diagnosed as suffering from sickle cell anemia.

Renee Dorlin, individually and as next friend of Desiree Dorlin, brought suit in Oakland County Circuit Court on March 1, 1979. The court granted defendant's motion for summary judgment as to the "wrongful life" claim of Desiree and its motion for accelerated judgment as to Renee Dorlin, based on the statute of limitations. We first consider whether the summary judgment as to Desiree was proper.

The standard governing this Court's review of an order of summary judgment, pursuant to GCR 1963, 117.2(1), is well settled. Motions pursuant to this subrule are to be tested solely on the pleadings. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). GCR 1963, 117.2(1) tests the legal basis of the complaint, not whether it can be factually supported. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 130 NW2d 363 (1975). Further, all well pleaded material allegations must be treated as true. *Sullivan v Thomas Organization, PC,* 88 Mich App 77; 276 NW2d 522

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1979). In addition, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

The tort alleged by Desiree is a rather recently developed cause of action for "wrongful life". Desiree alleges that defendant had a duty to inform her mother of the complications associated with being a sickle cell anemia carrier and, if that duty had not been breached, Ms. Dorlin could have taken steps to avoid the creation of Desiree's wrongful life, a life of disease, sickness, and suffering. This tort has been recognized by a few nonauthoritative courts and commentators.[1]

In *Eisbrenner v Stanley,* 106 Mich App 357; 308 NW2d 209 (1981), a panel of this Court ruled that an order of summary judgment in favor of the defendant doctor on baby Eisbrenner's claim of wrongful life was proper because the assessment of damages would be too speculative and impossible to make.[2] In that case, the defendant doctor failed

---

[1] *Curlender v Bio-Science Labs,* 106 Cal App 3d 811; 165 Cal Rptr 477 (1980). Compare, *Turpin v Sortini,* 119 Cal App 3d 690; 174 Cal Rptr 128 (1981). Peters & Peters, *Wrongful Life: Recognizing the Defective Child's Right to a Cause of Action,* 18 Duq L Rev 857 (1980).

[2] The Court stated:

"[T]he only alternative for the child was nonexistence due to abortion. When only two states are possible, measurement of damages allegedly resulting because one state occurred of necessity requires comparison with the only other alternative in determining whether there was a legal detriment. In the instant case, the child's claim for damages assumes she suffered a detriment by being born defective instead of being aborted. We believe the comparison between nonexistence and deformed life is necessary but impossible to make and juries should not be allowed to speculate on the child's damages. Recognition of the child's cause of action would turn the courts into forums for pure gambling events, since damage awards could range from zero to millions of dollars based on essentially the same evidence. It would make as much sense to award damages based on a throw of the dice. We follow the reasoning in *Becker v Schwartz,*

to warn the parents of the risks involved in continuing a pregnancy since the mother had contacted rubella (German measles) during her confinement. The *Eisbrenner* Court did find that the parents had a cause of action and they could seek damages for both medical expenses and mental distress.

Plaintiffs argue *Eisbrenner* is misguided in finding that difficulty of damages precludes recovery. On appeal, plaintiffs put forth a possible method of determining damages. See *A Cause of Action For "Wrongful Life": [A Suggested Analysis],* 55 Minn L Rev 58 (1970).

We have reviewed the case law and recognize the competing public policy concerns involved in this issue. We conclude that *Eisbrenner* properly articulates the law of this state. Therefore, since no legal cause of action on the part of the child exists for wrongful life, the court's summary judgment order was proper.[3]

Renee Dorlin appeals the court's accelerated judgment order dismissing her cause of action. The validity of her cause of action is not being con-

*supra* [46 NY2d 401; 413 NYS2d 895; 386 NE2d 807 (1978)] and affirm the trial court's decision not to allow the child's action." *Eisbrenner v Stanley,* 106 Mich App 357, 366; 308 NW2d 209 (1981).

[3] At oral arguments on appeal, Desiree's counsel argued that, when the parents fail to bring their claim for medical expenses and mental distress, the child should be allowed a "special cause of action" for the medical expenses. It was argued that this cause of action could be created without disturbing or conflicting with *Eisbrenner v Stanley,* 106 Mich App 357; 308 NW2d 209 (1981). This theory was not advanced in the briefs and no citation to authority was given. Therefore, this argument has not been considered by this Court. *Royal Indemnity Co v H S Watson Co,* 93 Mich App 491, 494; 287 NW2d 278 (1979).

While noting that this new cause of action has not been recognized in Michigan, this Court acknowledges that it has recently been approved in California. *Turpin v Sortini,* 31 Cal 3d 220, 238-239; 643 P2d 954; 182 Cal Rptr 337 (1982). Nevertheless, it would be inappropriate for this intermediate appellate court to create a special damage cause of action with such far-reaching implications. Appropriately, this is a task for our Supreme Court or our Legislature.

tested but only whether it is barred by the statute of limitations. Ms. Dorlin contends that wrongful life (on behalf of a defectively born child) and wrongful birth (on behalf of the parents of such a child) causes of action are new creatures in American jurisprudence and that the Legislature has not yet created a limitation period for either. The above is an overcomplication, if not a misstatement, of Renee Dorlin's claim. The claim sounds in professional negligence and is governed by the medical malpractice statute, MCL 600.5805(4); MSA 27A.5805(4). A malpractice cause of action accrues in accordance with the provisions of MCL 600.5838; MSA 27A.5838, which provides that the two-year limitation period runs from the date of last treatment for a matter out of which the claim arose or six months from the date when the malpractice was or should have been discovered, whichever is later. Defendant asserts that the last day of treatment of Renee Dorlin relative to determining whether she was a carrier of sickle cell anemia was 1967 and that she discovered or should have discovered the alleged malpractice in 1971 when Desiree was diagnosed as suffering from the disease. Therefore, the hospital argues that both the two-year period after last treatment and the six-month period after discovery had run long before the action was brought. We must agree, as did the trial court.

Because of the genetic principles associated with sickle cell anemia, it is more difficult in this case to determine when Ms. Dorlin should have known of the malpractice than in a case where the alleged negligence is a failure to operate or treat properly which results in bodily harm. The complexity and obtuseness of genetic malpractice affects when the claimant should have known of his

or her cause of action. However, since she had two pieces of the puzzle before her, Desiree's affliction and knowledge of her own status as a sickle cell carrier, Ms. Dorlin should have discovered the alleged malpractice in or about 1971.

The trial court properly dismissed the Renee Dorlin action on the basis of the statute of limitations.

Affirmed.