### FIRST PROTESTANT REFORMED CHURCH OF GRAND RAPIDS *v.* DeWOLF.

1. RELIGIOUS SOCIETIES—INJUNCTION.

Decree providing that board of directors of plaintiff church was a Consistory of which certain named persons were officers at time suit had been commenced, following a long-standing precedent requiring courts to accept the decisions of appropriate higher church bodies in determining property disputes between church members in churches of a presbyterial character, was not an attempt on the part of the Court to determine which faction followed the true doctrine, and injunctive provisions of decree implementing the determination were not the controlling features of the decree.

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur, Religious Societies §§ 40, 41.
 Determination by civil courts of property rights between contending factions of an independent or congregational church. 8 ALR 105; 70 ALR 75.
[2] 45 Am Jur, Religious Societies § 45.
[3] 28 Am Jur, Injunctions § 316.

2. SAME—MODIFICATION OF DECREE.

Subsequent decision of a higher church body reversing the finding of heresy and recommendation of ouster of defendant pastor but not disputing right of Consistory to continued control of church property determined in decree sought to be so changed as to amount to a complete vacation thereof, *held*, not to warrant relief sought.

3. INJUNCTION—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES.

Rule that continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need is not decisive, where the subsequent events do not affect the determination made in the decree of which modification is sought.

Appeal from the Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 6, 1959. (Docket No. 9, Calendar No. 48,120.) Decided January 4, 1960.

Bill by First Protestant Reformed Church of Grand Rapids, a Michigan corporation, against Hubert DeWolf and others resulted in decree determining right to church name and property in plaintiff. Defendants petition to amend decree. Petition dismissed. Defendants appeal. Affirmed.

*Robert S. Tubbs,* for plaintiff.

*Warner, Norcross & Judd (Harold S. Sawyer* and *Peter Van Domelen,* of counsel) and *Linsey, Shivel, Phelps & Vander Wal (John Vander Wal,* of counsel), for defendants.

EDWARDS, J. This is an appeal from the refusal of the superior court of Grand Rapids to amend a decree previously entered by it and affirmed by this Court in 1956 in *First Protestant Reformed Church v. DeWolf,* 344 Mich 624. Appellants herein claim a change of circumstances warrants a change in the

provisions of the decree which gave control of the property of the church to the Hoeksema Consistory and denied such control to appellants.

The original litigation was an action filed by the First Protestant Reformed Church of Grand Rapids as represented by the Hoeksema Consistory against another faction, the DeWolf Consistory, over control of the church property.

The case was tried in the first instance in Grand Rapids superior court before Judge Taylor. He found that the church involved was a member of the Protestant Reformed Churches of America;* that, as a result of a doctrinal dispute, the DeWolf Consistory of First Church had seized forcible control of the church property; that the Protestant Reformed Churches of America were presbyterial in character; that doctrinal issues were properly to be decided by higher church bodies; that these bodies were the Classis and the Synod; and that the appropriate Classis, Classis East, had decided the doctrinal issue in favor of the Hoeksema Consistory and against the DeWolf Consistory.

He, therefore, entered a decree giving recognition to the Hoeksema Consistory as "the legal and only board of directors" of the First Protestant Reformed Church of Grand Rapids, and enjoining the DeWolf faction from "interfering with the plaintiff corporation, acting through its legal Consistory, in exercising its absolute right of possession and

---

* The First Protestant Reformed Church of Grand Rapids is 1 of 24 member churches of the Protestant Reformed Churches of America. The immediate governing body of each church is its local Consistory which is elected by the church membership. The Consistory is in charge of the property of the local church. The next higher governing body for the denomination is Classis. There are 2 Classis, namely, Classis East and Classis West, with 12 churches belonging to each. First Protestant Reformed Church of Grand Rapids belongs to Classis East. The highest governing body of the denomination is Synod. Synod is composed of delegates chosen from Classis East and Classis West.

control over all of the property  *  *  *  of the plaintiff corporation."

On appeal to this Court, the decree of Judge Taylor was affirmed—this Court relying on the decision of Classis East, and also indicating that evidence showed that the Synod (the highest body) had likewise "supported the suspension and deposition of the DeWolf faction."

During trial and appeal of the *First Church Case,* the split in the Protestant Reformed Churches of America meantime had been progressing. It spread to other churches and into both Classis and Synod. There now appeared 2 separate Classis Easts. The DeWolf faction, along with the Reverend Blankespoor of Second Protestant Reformed Church, formed what they termed the Reconstituted Classis East.

The schism also appeared at the Synodical level so that there appeared 2 separate Synods, each claiming that it constituted the lawfully designated high governing body of the entire church organization. One Synod recognized the DeWolf-Blankespoor faction as representing Classis East, the other recognized the Hoeksema-Schipper group.

The issue of which Synod was the lawful one eventually came before this Court in another case involving a dispute between 2 Consistories, each of which sought control of the Second Protestant Reformed Church of Grand Rapids.

Ultimately, this Court resolved the Second Protestant Church dispute by determining that the Synod which had recognized the Reconstituted Classis East was the lawful Synod of the Protestant Reformed Churches of America. The basis for this determination was that the time and meeting place of this Synod was the only one under church law to which the last lawful Synodical meeting could properly have adjourned. Having established the lawful

Synod, the Court stated that the disputed doctrinal issue was for that Synod to settle. Accordingly, the Court held that the Blankespoor Consistory, seated by the lawful Synod, was entitled to hold the property of the Second Reformed Church of Grand Rapids. *Second Protestant Reformed Church of Grand Rapids* v. *Blankespoor*, 350 Mich 347.

After this decision was rendered, the DeWolf group, the defendants in the original First Church action, sought in the present case to amend and modify the decree issued against them. They assert that it is basically a decree providing a continuing injunction governing future events, and hence is subject to modification. They claim that events subsequent to issuance of the decree (*i.e.*, the action of Synod in seating and recognizing Reconstituted Classis East, its action in receiving "for information" the decision of Reconstituted Classis East which reconsidered and reversed its heresy finding against DeWolf, and the designation of this Synod as the lawful Synod by the Supreme Court) render the First Church decree inequitable. The relief sought appears to be complete vacation of the decree and substitution therefor of a decree awarding the entire church property to the DeWolf Consistory.

The trial court declined to grant the relief sought, on the ground that it was powerless to modify a final decree affirmed by the Supreme Court in a *de novo* hearing of a chancery appeal.

Our conclusion as to this appeal may be stated simply. We do not construe the decree entered in the *First Church Case* as primarily injunctive in nature. Its decisive provision was as follows:

"Now, therefore, on due consideration thereof, it is ordered, adjudged and decreed, and this Court does hereby order, adjudge and decree as follows:

"1. That the legal and only board of directors of the plaintiff corporation is the Consistory of The

First Protestant Reformed Church of Grand Rapids, Michigan, of which Messrs. H. Hoeksema and C. Hanko were presidents and G. Stadt was secretary at the time of commencement of this suit."

This plainly constituted a final adjudication as to control of church property as between 2 competing factions as of the time concerned. In its decision, the court did not attempt to determine which faction followed the true doctrine of the church. The court relied primarily upon the action of Classis East which had heard the dispute and had held DeWolf and other defendants guilty of heresy and advised the Consistory of First Church to require apologies or to oust them. Thus, the court followed long-standing precedent (much of it written as a result of other schisms in this church) requiring the courts to accept the decisions of appropriate higher church bodies in determining property disputes between church members in churches of a presbyterial character. *Borgman* v. *Bultema,* 213 Mich 684; *Holwerda* v. *Hoeksema,* 232 Mich 648.

See, also, *Van Vliet* v. *Vander Naald,* 290 Mich 365.

We do not regard the injunctive portion of the decree as its controlling feature. It restrained De-Wolf and his associates from denying to the Hoeksema Consistory the right to control church property which the adjudication referred to above granted. The relative insignificance of the injunctive relief is indicated by the willingness of plaintiff (during hearing of this petition) to stipulate to the elimination of any injunction, and defendants' evident unwillingness to accept the offer.

Nor does the factual record presented here warrant relief even if we did construe the prior decree primarily as a continuing injunction. This record does not purport to present any new decision of Classis or Synod pertaining to a new dispute or

disputes over control of the property of First Church. What we do have is an admonition from Synod (after schism at the Synodical level) indicating "incorrectness" of language from the First Church opinion of this Court which stated "Synod * * * supported the suspension and deposition of the DeWolf faction," and a record of the action of Reconstituted Classis East reconsidering and reversing the finding of heresy against DeWolf.

As to the first action by Synod, we regard the language complained of as dictum since the decision in First Church was planted on the action of Classis East. As to the action by Reconstituted Classis East reversing the finding of heresy and recommendation of ouster against Reverend DeWolf, nothing contained therein disputes the right of the Hoeksema Consistory to continued control of First Church property. In short, neither the Synodical nor the Classical action calls for the relief sought by petitioner which is complete vacation of the prior decree and a new decree ousting the Hoeksema Consistory and turning the church property over entirely to the control of defendants.

We recognize the validity of the equitable principle relied upon by defendants and appellants:

"A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." *United States* v. *Swift & Co.*, 286 US 106, 114 (52 S Ct 460, 76 L ed 999).

See, also, *Township of Erin* v. *Detroit & Erin Plank-Road Co.*, 115 Mich 465; *Edlis, Inc.*, v. *Miller*, 132 W Va 147 (51 SE2d 132); *Ladner* v. *Siegel*, 298 Pa 487 (148 A 699, 68 ALR 1172).

For the reasons we have indicated above, however, we do not deem it decisive of this appeal.

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr. Kelly, Smith, Black, Voelker, and Kavanagh, JJ., concurred.