# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 22, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138541
& (28)
(30)

NOBLE METAL PROCESSING-
INDIANA, INC.,
          Plaintiff-Appellee,

v

CHALLENGE MANUFACTURING
COMPANY,
          Defendant-Appellant.

SC: 138541
COA: 290892
Macomb CC: 09-000960-CK

_____/

On order of the Court, the motion for immediate consideration is GRANTED. The motion to file supplemental brief and to expand the record on appeal is GRANTED. The application for leave to appeal the March 25, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

I agree with the Court's order denying defendant's application for leave to appeal. I write separately to briefly respond to Justice Corrigan's allegation that changed circumstances warrant remanding this matter to the trial court.

Justice Corrigan claims that a dramatic change in circumstances justifies requiring the trial court to reweigh the imposition of its preliminary injunction against defendant. The change is the alleged bankruptcy of plaintiff's parent company, coupled with alleged bankruptcies of 13 other domestic subsidiaries of plaintiff's parent company. However, neither plaintiff nor defendant has notified this Court that plaintiff has initiated a bankruptcy proceeding. Therefore, nothing in the record before the Court supports Justice Corrigan's suggestion that plaintiff is insolvent.

Should either of the parties wish to seek modification of the preliminary injunction, they may do so in the trial court. As Justice Corrigan correctly notes, a trial court may always modify an injunction if the facts merit it.[1] Thus, should the record ultimately reflect Justice Corrigan's concerns, the trial court has the authority to grant the relief currently requested by defendant. However, any action in that regard at this time would be premature.

Accordingly, I concur in the Court's order denying leave to appeal.

CORRIGAN, J. (*dissenting*).

I would vacate the preliminary injunction against defendant and remand this case to the trial court for consideration of the reported bankruptcy of plaintiff and plaintiff's parent company of which plaintiff is the alleged guarantor. The trial court granted plaintiff's motion for preliminary injunction on the basis of factual conditions that have changed significantly in the interim. Accordingly, I would remand for possible modification of the injunction in light of the changed factual conditions or stay the matter depending on the status of the bankruptcy court proceedings.

On February 27, 2009, plaintiff automotive supplier moved for a preliminary injunction to prevent defendant component parts supplier from stopping shipment. During a motion hearing on March 4, 2009, plaintiff asserted that it was presently current on its account, and it would continue to make future payments to defendant. After observing that the entire automotive industry was "on the same rope," the trial court stated that it would be "very dangerous to open up for every link in the chain." In response, plaintiff reiterated the importance of issuing the preliminary injunction "[b]ecause [otherwise] everyone can turn around and bail on General Motors, your Honor, and Chrysler and Ford. He wants you to open the door and say, [']Okay everyone can stop shipping tomorrow. This whole town is going to heck.[']" On March 16, 2009, the trial court granted plaintiff's motion for a preliminary injunction, thereby requiring that defendant continue to ship component parts to plaintiff "on 30 day payment terms." Less than one month later, on April 15, 2009, plaintiff's parent company, plaintiff, and 13 other domestic subsidiaries of plaintiff's parent company reportedly filed voluntary bankruptcy petitions.

The reported bankruptcy filings of plaintiff and plaintiff's parent company reveal that the facts have changed drastically since the trial court granted the preliminary injunction against defendant. When defendant previously expressed its concern regarding not receiving adequate assurance about plaintiff's ongoing performance, the trial court responded that defendant was "not totally irrational, but I'm holding

---

[1] *Opal Lake Ass'n v Michaywé Ltd Partnership*, 47 Mich App 354, 367 (1973).

that Plaintiff has complied with the contract up to this point, as long as they are paying on the 30 days." In the interim, however, plaintiff became insolvent, and defendant's concern regarding plaintiff's precarious financial condition has proven to be well-founded. Accordingly, I would remand to the trial court in light of the changed factual circumstances. This Court has recognized that "'[a] continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need.'" *First Protestant Reformed Church of Grand Rapids v De Wolf*, 358 Mich 489, 495 (1960), quoting *United States v Swift & Co*, 286 US 106, 114 (1932). "Moreover, an injunction is always subject to modification or dissolution if the facts merit it." *Opal Lake Ass'n v Michaywé Ltd Partnership*, 47 Mich App 354, 367 (1973). Similarly, the United States Court of Appeals for the Sixth Circuit has held that changed factual conditions warrant the modification of an injunction. See *In re Detroit Auto Dealers Ass'n Inc*, 84 F3d 787, 790 (CA 6, 1996) ("If this case were to be brought in front of the Commission today on the present facts, the previous injunction would not be entered against the petitioners today.") Because the factual circumstances have allegedly changed dramatically in this case, I would allow the trial court to weigh the current situation or to stay the matter depending on the status of proceedings in bankruptcy court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 22, 2009

Clerk