Corrigan, J.
(dissenting). I would vacate the preliminary injunction against defendant and remand this case to the trial court for consideration of the reported bankruptcy of plaintiff and plaintiffs parent company of which plaintiff is the alleged guarantor. The trial court granted plaintiffs motion for preliminary injunction on the basis of factual conditions that have changed significantly in the interim. Accordingly, I would remand for possible modification of the injunction in fight of the changed factual conditions or stay the matter depending on the status of the bankruptcy court proceedings.
On February 27, 2009, plaintiff automotive supplier moved for a preliminary injunction to prevent defendant component parts supplier from stopping shipment. During a motion hearing on March 4, 2009, plaintiff asserted that it was presently current on its account, and it would continue to make future payments to defendant. After observing that the entire automotive industry was “on the same rope,” the trial court stated that it would he “very dangerous to open up for every fink in the chain.” In response, plaintiff reiterated the importance of issuing the preliminary injunction “[blecause [otherwise] everyone can turn around and bail on General Motors, your Honor, and Chrysler and Ford. He wants you to open the door and say, [ ‘]Okay everyone can stop shipping tomorrow. This whole town is going to heck.[’]” On March 16, 2009, the trial court granted plaintiffs motion for a preliminary injunction, thereby requiring that defendant continue to ship component parts to plaintiff “on 30 day payment terms.” Less than one month later, on April 15, 2009, plaintiff’s parent company, plaintiff, and 13 other domestic subsidiaries of plaintiffs parent company reportedly filed voluntary bankruptcy petitions.
*1016 The reported bankruptcy filings of plaintiff and plaintiffs parent company reveal that the facts have changed drastically since the trial court granted the preliminary injunction against defendant. When defendant previously expressed its concern regarding not receiving adequate assurance about plaintiffs ongoing performance, the trial court responded that defendant was “not totally irrational, but I’m holding that Plaintiff has complied with the contract up to this point, as long as they are paying on the 30 days.” In the interim, however, plaintiff became insolvent, and defendant’s concern regarding plaintiffs precarious financial condition has proven to be well-founded. Accordingly, I would remand to the trial court in light of the changed factual circumstances. This Court has recognized that “ ‘[a] continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need.’ ” First Protestant Reformed Church of Grand Rapids v DeWolf, 358 Mich 489, 495 (1960), quoting United States v Swift & Co, 286 US 106, 114 (1932). “Moreover, an injunction is always subject to modification or dissolution if the facts merit it.” Opal Lake Ass’n v Michaywé Ltd Partnership, 47 Mich App 354, 367 (1973). Similarly, the United States Court of Appeals for the Sixth Circuit has held that changed factual conditions warrant the modification of an injunction. See In re Detroit Auto Dealers Ass’n, Inc, 84 F3d 787, 790 (CA 6, 1996) (“If this case were to be brought in front of the Commission today on the present facts, the previous injunction would not be entered against the petitioners today.”) Because the factual circumstances have allegedly changed dramatically in this case, I would allow the trial court to weigh the current situation or to stay the matter depending on the status of proceedings in bankruptcy court.