DENOLF v FRANK L JURSIK COMPANY

Docket No. 56245. Argued October 8, 1975 (Calendar No. 4).—Decided January 27, 1976.

Plaintiff Adhemar Denolf, a driver for the Borden Company, was injured by a motorized lift mounted on his milk truck when his hand was crushed between the lift platform and the frame of the truck. Plaintiff brought an action for damages against the Frank L. Jursik Company alleging breach of warranty of fitness and negligent installation of the lift. Todco Division of Overhead Door Corporation was added as a third-party defendant upon stipulation of the parties. Plaintiff's expert witness testified that a simple safety guard on the lift would have prevented the plaintiff's injuries. Over Jursik's objections, the jury was allowed to view the plaintiff's truck and photographs of the truck showing a safety guard which was installed by the Borden Company after the injury. Todco filed a pretrial statement which said that the lift was manufactured by Todco, but the statement was corrected at the pretrial conference so that the identity of the manufacturer was not conceded. Shortly before trial, it was discovered that the lift was manufactured by the Watson-Atlas Division of H. S. Watson Company before that division was acquired by Todco. No evidence was introduced at trial regarding an alleged contractual assumption by Todco of the manufacturer's liability. A jury in Wayne Circuit Court, William J. Beer, J., by a special verdict, assessed damages against Jursik and Todco. The Court of Appeals, V. J. Brennan, P. J., and Quinn and Carland, JJ., reversed without a new trial as to Todco and reversed and remanded as to Jursik (Docket Nos. 14520, 14521). Plaintiff appeals. *Held:*

    1. The rule that excludes evidence of repairs, change of conditions, or precautions after an accident is inapplicable to subsequent repairs made by one not a party to the action

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 63 Am Jur 2d, Products Liability § 23.

Admissibility of evidence of repairs, change of conditions, or precautions taken after accident. 64 ALR2d 1296.

[3, 4] 29 Am Jur 2d, Evidence § 687 *et seq.*

61 Am Jur 2d, Pleadings § 174 *et seq.*

where the evidence is otherwise relevant, admission of the evidence would not offend policy considerations favoring encouragement of repairs, and the remedial action is not undertaken at the direction of a party plaintiff so that it does not constitute a self-serving, out-of-court declaration by that party. The circuit court did not err in allowing the jury to view the photographs and vehicle.

2. Jursik was not subjected to unfair surprise attributable to Todco by the disclosure shortly before trial that Todco did not design, manufacture, or sell the lift.

3. A pretrial statement is not a pleading within the meaning of GCR 1963, 606 relating to admissions in pleadings, and an admission contained in a party's pretrial statement which is not incorporated into the trial court's pretrial summary does not control the subsequent course of the proceedings.

54 Mich App 584; 221 NW2d 458 (1974) affirmed as to Todco and reversed as to Jursik.

1. EVIDENCE—NEGLIGENCE—REPAIRS AFTER INJURY—THIRD PERSONS —POLICY.

The rule that evidence of repairs, change of conditions, or precautions taken after an accident is not admissible as evidence of negligence before the accident or as an admission of negligence is grounded primarily in the policy that owners would be discouraged from attempting repairs that might prevent future injury if such evidence could be introduced against them, but the policy consideration is absent where imposition of liability on the person taking remedial action is not sought.

2. EVIDENCE—PRODUCTS LIABILITY—NEGLIGENCE—REPAIRS AFTER INJURY—THIRD PERSONS.

Admission of evidence of installation of a safety device on equipment after a plaintiff was injured by the equipment in a trial for damages arising out of the injury was not erroneous where the evidence was not introduced for the purpose of establishing the negligence of the company which undertook the remedial action, the repairing company was not a party to the suit and was not prejudiced in any way by the admission of the evidence, the evidence was otherwise relevant, admission of the evidence would not offend policy considerations favoring encouragement of repairs, and the repairs were not undertaken at the direction of a party plaintiff so that it did not constitute a self-serving, out-of-court declaration by that party.

3. TRIAL—PLEADING—PRETRIAL STATEMENTS—ADMISSIONS.

A statement of a fact by a defendant in a products liability suit

which is contained in the defendant's pretrial statement is not an admission because the pretrial statement is not a pleading within the meaning of a court rule concerning admissions of facts by pleading (GCR 1963, 606).

4. TRIAL—PRETRIAL SUMMARY—ADMISSIONS OF FACTS.

A factual statement in a pretrial statement by a defendant in a products liability suit which was corrected at the pretrial conference and which was not included in the trial court's pretrial summary did not control the subsequent course of the proceedings where there was no unfair surprise of the plaintiff attributable to the defendant making the statement when the actual facts were disclosed shortly before trial and the statement was not an admission of fact made in a pleading (GCR 1963, 301.3, 606).

*Charfoos & Charfoos (Hayim I. Gross,* of counsel) for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pederson* (by *Jeannette A. Paskin)* for defendant Frank L. Jursik Company.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for defendant Todco Division of Overhead Door Corporation.

FITZGERALD, J. Leave was granted in this products liability case for decision as to whether the rule of evidence excluding proof of post occurrence modifications is applicable where the subsequent modification is made by a third person not a party to the litigation. We are also asked to decide whether a declaration in a party's pretrial statement filed in advance of the pretrial conference and not incorporated into the court's pretrial summary was an admission in a pleading within the meaning of GCR 1963, 606. We answer both questions in the negative.

FACTS

On October 14, 1969, plaintiff was employed as a driver for the Borden Company. Upon arriving at work on that date, plaintiff discovered that he would be driving a truck of a different make and lift arrangement than his regular vehicle. The lift in question, called a "Hide-a-lift", was a folding motorized platform mounted to the side of the truck and used for loading and unloading cases of milk. Using the new truck and lift, plaintiff set about making his milk deliveries. Following his last delivery of the day, to the Sweden House Restaurant in St. Clair Shores, plaintiff decided to demonstrate the new lift to the assistant manager of the Sweden House. During the course of this demonstration, plaintiff attempted to return the lift platform to its traveling position. Using both hands, he rotated the platform in an arc from a horizontal to a vertical position. He then dropped his right hand, and with his left attempted to push the platform back a slight angle from the vertical to a position beneath the body of the truck. At this point, the lift motor suddenly activated, raising the lift platform, although plaintiff and the individual for whom the ill-fated demonstration was intended both testified that neither of the control levers designed to activate the lift was touched. Plaintiff's left hand was crushed between the lift platform and the frame of the truck. Plaintiff's customer testified that, because the lift would not respond to the control levers, plaintiff's hand had to be pried loose by means of tire irons.

Plaintiff brought this action in March of 1970 against defendant Frank L. Jursik Company, hereinafter Jursik, alleging breach of warranty of fitness and negligent installation of the lift. Insurance Company of North America, Borden's work-

men's compensation carrier, was granted leave to intervene. In May of 1971, all three parties stipulated to an order allowing the addition of Todco Division of Overhead Door Corporation, hereinafter Todco, as a third-party defendant. Jursik filed its third-party complaint against Todco seeking contribution and indemnification, alleging that Todco had designed, manufactured and directed the installation of the lift on the truck. Plaintiff adopted Jursik's allegations against Todco by amended complaint.

The parties were still engaging in discovery four months after the pretrial conference and one week prior to the date set for trial when, during the course of a deposition, it was discovered by Jursik that Todco had neither designed, manufactured, nor supervised the installation of the lift unit which injured plaintiff's hand. This unit had been manufactured by the H. S. Watson Company and sold to Jursik more than a year before Todco purchased the Watson-Atlas Division of the H. S. Watson Company.

On the day set for trial, Jursik moved for an adjournment for the purpose of adding the H. S. Watson Company as a third-party defendant. The motion was denied and trial began. In Jursik's opening statement, it was contended that the proofs would show an agreement between Todco and the H. S. Watson Company by which the jury could find Todco liable if it was determined that the lift was defectively designed. No such evidence was ever offered.

During the course of the trial, plaintiff's expert testified that the lift was unsafe as designed and installed; that plaintiff's injuries were caused by the triggering of the lift motor when the lift platform was rotated into contact with a rod on

the underside of the truck which connected the control levers with an electric micro-switch; that a simple metal strip properly installed would have prevented this unintended contact between the platform and the tie-rod, and thus would have prevented plaintiff's injuries. Later, over Jursik's objection, the jury was allowed to view photographs of just such a safety guard which had been installed by the Borden Company, subsequent to plaintiff's injury, on the Borden truck driven by plaintiff. Again over Jursik's objection, the jury was allowed to view the truck and the altered lift.

The case was submitted to the jury for special verdict pursuant to GCR 1963, 514. The jury answered "no" to the question: "Were plaintiff's injuries caused because he activated the elevator by moving either of the control handles with his right hand?" The jury answered "yes" to the question: "Did Todco Division of the Overhead Door Company manufacture and/or sell the liftgate?" Damages were assessed by the jury against Jursik and Todco in the amount of $42,500.

The Court of Appeals, in 54 Mich App 584; 221 NW2d 458 (1974), correctly held that Todco's motions for directed verdict and judgment notwithstanding the verdict should have been granted. However, it was the opinion of the Court of Appeals that the rule of evidence excluding proof of post-occurrence modifications was applicable even though the modification in question, the installation of the metal guard strip, was made by Borden who was not a party to the litigation. The Court of Appeals therefore reversed with new trial as to the judgment against Jursik.

I

The general rule under discussion can be stated

as follows: that evidence of repairs, change of conditions, or precautions after an accident or injury is not admissible as evidence of negligence, or an admission thereof, before the accident.[1] The rule is defended in terms of relevancy and policy. Such evidence is said to be irrelevant because it is capable of explanations equally as plausible as an admission by conduct of pre-accident neglect of duty. If relevancy were the only criteria, Professors Wigmore[2] and McCormick[3] both point out that such evidence would meet the usual standards of relevancy.[4] The rule is primarily grounded in the policy that owners would be discouraged from attempting repairs that might prevent future injury if they feared that evidence of such acts could be introduced against them. This policy consideration is absent in a case, such as this, where imposition of liability is not sought against the person taking the remedial action.[5]

[1] *Admissibility of evidence of repairs, change of conditions, or precautions taken after accident,* 64 ALR2d 1296, 1300.

[2] 2 Wigmore, Evidence (3d ed), § 283, p 151.

[3] McCormick, Evidence (2d ed), § 275, p 666.

[4] It can scarcely be argued that evidence of installation of a relatively simple safety device in the lift shortly after the accident was less relevant to the breach of warranty count than the testimony of plaintiff's expert that a safer design was feasible and available at the time of installation in September of 1969. In *Sutkowski v Universal Marion Corp,* 5 Ill App 3d 313, 319; 281 NE2d 749 (1972), relevance to the issue of alternate design feasibility was equated with admissibility. As will be seen *infra,* we hold today that post-occurrence modifications should not only be relevant, but also the policy considerations regarding encouragement of repairs must be inapplicable before such evidence becomes admissible.

[5] *See* McCormick, *supra,* § 275. *See, also, Louisville & Nashville R Co v Williams,* 370 F2d 839 (CA 5, 1966); *Brown v Quick Mix Co,* 454 P2d 205 (Wash, 1969); *Wallner v Kitchens of Sara Lee, Inc,* 419 F2d 1028 (CA 7, 1969); *Lolie v Ohio Brass Co,* 502 F2d 741 (CA 7, 1974); *Steele v Wiedemann Machine Co,* 280 F2d 380 (CA 3, 1960). *Williams* was an action against defendant railroad company for alleged negligence in maintaining a dangerous level crossing, where evidence of changes made to the crossing by the state highway department subsequent to the accident was held admissible. In *Brown* plaintiff

In rejecting the third-person exception to the rule barring evidence of subsequent repairs, the Court of Appeals felt itself bound by *Langworthy v Green Twp,* 88 Mich 207, 217–218; 50 NW 130 (1891). In that case, error was predicated on the fact that one Fryburg, "overseer of highways of this road district", was allowed to testify at trial that he removed an obstruction from an allegedly defective road following plaintiff's injury. The Court of Appeals was of the opinion that, from its reading of *Langworthy,* "our Supreme Court rejects the third-party exception" because "Fryburg was clearly a third party not directly involved in the lawsuit". 54 Mich App at 593. We do not read *Langworthy* as dispositive of the issue before us. The *Langworthy* Court, in finding reception of Fryburg's testimony to be error, stated that "[t]he evident purpose" of introducing the testimony "was to show that *the township admitted by this act* the defect, the dangerous character of this obstruction, and that the road was not reasonably safe by reason of its existence". 88 Mich at 217. Admissions are made by parties, their employees or agents, not by third persons. Specifically, the district overseer of highways in *Langworthy* was a township officer elected annually at the township

was allowed to prove, in an action against the manufacturer of earth boring equipment, that plaintiff's employer had installed a safety guard after plaintiff's injury. In *Wallner,* the policy of encouraging repairs was found inapplicable where the defendant manufacturer of a conveyor belt did not install the post-accident safety guard and where defendant bakery's remedial action was held admissible to show control and responsibility for daily maintenance of the conveyor. In *Lolie,* evidence of a post-occurrence modification to mining equipment by a mine operator was held to have been erroneously excluded in an action against the manufacturer. Finally, in *Steele,* evidence of subsequent conduct was used defensively by a manufacturer of a punch press who proved that plaintiff's employer had ordered a replacement for a safety lever after the accident, thus tending to support defendant's theory that an otherwise adequate lever had been allowed to become worn.

meeting. It was the duty of the overseer to remove obstructions from the highways, to report to the township commissioner of highways regarding defects, and to supervise highway repair. The overseer was paid $1.50 per day by the township.[6] Thus, *Langworthy* deals with remedial action undertaken by an agent of the party against whom recovery was sought, and supports only the general rule that evidence of post-occurrence modification is not receivable as an admission of negligence.

In the case at bar, we have seen that the evidence of subsequent repairs was not introduced for the purpose of establishing the negligence of Borden Company, which undertook the remedial action, nor did it prejudice Borden in any way. Furthermore, on the facts of this case, it cannot be said that plaintiff has been allowed to introduce evidence of self-directed subsequent modifications. Although Borden's compensation carrier had intervened in plaintiff's action pursuant to statute[7] thereby giving Borden an indirect interest in the litigation, that intervention was beyond the control of plaintiff. No one has contended and the record does not reveal that Borden undertook its remedial action at the direction of plaintiff.

We therefore hold that the exclusionary rule under discussion was inapplicable, and that the circuit court did not err in allowing the jury to view the photographs and vehicle. We emphasize, for the purpose of this holding, that it is confined to the context where (1) evidence of subsequent remedial action is otherwise relevant, (2) admission of the evidence would not offend policy consid-

[6] 1 How Stat §§ 679, 685, 1361, 1363, and 1364.

[7] Then MCLA 413.15; MSA 17.189, now MCLA 418.827; MSA 17.237(827).

erations favoring encouragement of repairs, and (3) the remedial action is not undertaken at the direction of a party plaintiff so that it does not constitute a self-serving, out-of-court declaration by that party.

## II

In conjunction with the pretrial conference in this matter which took place in November 1971, each party filed with the court and served on every other party a pretrial statement which contained a factual statement of claims or defenses. Todco's pretrial contained the following:

"The hydraulic liftgate was manufactured by Todco Division of the Overhead Door Corporation."

Jursik contends that this statement was an admission in a pleading never amended, and that under GCR 1963, 606, no proof on the manufacturer's identity was necessary at trial. However, the record reveals that Todco's factual statement was corrected at the pretrial conference, and that the language above quoted was not made part of the trial court's pretrial summary. Moreover, the summary contains the language of GCR 1963, 301.3, to the effect that issues waived must be "expressly waived at the pretrial conference and such waiver recorded in the said summary of results". Thus Jursik was on notice some four months prior to trial that the issue of the manufacturer's identity had not been conceded. No further discovery on this point was attempted by Jursik, and it was during the course of a deposition taken by plaintiff

that it was discovered that Todco was not the manufacturer. Plaintiff thereupon subpoenaed the purchase agreement relating to Todco's acquisition of the Watson-Atlas Division, and it was evidently to this agreement that Jursik's counsel referred in his opening statement. Nevertheless, there was no evidence introduced at trial regarding a contractual assumption by Todco of the manufacturer's liability.

Although Jursik may have been surprised at the disclosure shortly before trial to the effect that Todco neither designed, manufactured, nor installed the lift, we cannot say that Jursik was subjected to unfair surprise attributable to Todco. Todco's pretrial statement was not a pleading within the meaning of GCR 1963, 606. The admission contained therein was not incorporated into the trial court's pretrial summary, and therefore did not control the subsequent course of the proceedings.[8]

The Court of Appeals is affirmed as to Todco and reversed as to Jursik. The case is remanded to the trial court for entry of judgment on the jury's verdict against Jursik only. Plaintiff and Todco may tax costs.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, and LINDEMER, JJ., concurred with FITZGERALD, J.

RYAN, J., took no part in the decision of this case.

---

[8] To be contrasted is a case where written pretrial statements are submitted by parties as a substitute for the pretrial conference and summary pursuant to GCR 1963, 301.8. In such a case, admissions of fact and waivers would control unless modified at or before trial by the trial court to prevent manifest injustice.