TULKKU v MACKWORTH REES, DIVISION OF AVIS
INDUSTRIES, INC.

OPINION OF THE COURT

1. EVIDENCE—NEGLIGENCE—EXCLUSIONARY RULES—SUBSEQUENT RE-
   PAIRS—THIRD PARTY—RELEVANCY OF EVIDENCE.

   The rule which excludes the admission of evidence of subsequent
   repairs in an action for negligence is inapplicable where the
   repairs have been made by a third party that is not involved in
   the action in which the admission of the evidence is sought;
   however, the evidence must be relevant to the issues of the case
   to be admissible.

2. EVIDENCE—SUBSEQUENT REPAIRS—RELEVANCY OF EVIDENCE—
   HEARSAY.

   Testimony in a personal injury action by a maintenance electri-
   cian that all switches similar to the switch which malfunc-
   tioned resulting in a plaintiff's being injured while operating a
   press were replaced within six months with a different brand of
   switches does not tend to show that the replacement switches
   utilized different or better safety features and is inadmissible
   because it is irrelevant; if the testimony is relevant because the
   jury could infer from it an opinion on the part of the plant
   management about the relative safety of the old and the new
   switches, it would be hearsay.

3. WITNESSES—ADVERSE PARTY STATUTE—NONPARTIES—PREJUDICE—
   STATUTES.

   It was error for a trial court in a personal injury action to allow
   defendants to call as witnesses under the adverse party statute

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 29 Am Jur 2d, Evidence §§ 249, 275, 628.

[3] 81 Am Jur 2d, Witnesses §§ 422, 423.

[5, 6] 57 Am Jur 2d, Negligence § 288 et seq.

[7, 9, 10] 57 Am Jur 2d, Negligence §§ 288, 303–316.

[8] 63 Am Jur 2d, Products Liability § 99.

[9, 10] 63 Am Jur 2d, Products Liability § 99.

   Contributory negligence or assumption of risk as defense to action
      for personal injury, death, or property damage resulting from
      alleged breach of implied warranty. 4 ALR3d 501.

[10] 75 Am Jur 2d, Trial §§ 574, 588, 589.

employees of the company for which a plaintiff was working at the time he was injured where the company was not a party to the action; however, this is not a basis for reversing the trial court where the record does not disclose any prejudice to the plaintiff (MCLA 600.2161; MSA 27A.2161).

4. EVIDENCE—RELEVANCE—INTRA-OFFICE MEMO—OBLIGATION TO TEST SAFETY DEVICES—SUBSEQUENT REPAIRS—DISCRETION OF TRIAL COURT.

An intra-office memo, written by employees of an injured plaintiff's employer, which disclosed that after the plaintiff was injured the defendant company, which manufactured the safety device which malfunctioned and allegedly caused the plaintiff's injury, had offered to design and test new safety devices for the employer may have some relevance in that it tended to show that the defendant manufacturer had the obligation to test the safety device, but this slight relevancy must be weighed against the policy which excludes the admission of evidence of subsequent remedial measures by a defendant; therefore, the trial court did not abuse its discretion in deciding this relevancy question against the plaintiff and excluding the memo.

5. PRODUCTS LIABILITY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE— SAFETY DEVICES—PRESSES.

The contributory negligence of a worker injured while operating a press is not a defense to the worker's negligence action against the manufacturer and designer of the press where the press was not equipped with adequate safety devices.

6. PRODUCTS LIABILITY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE— SAFETY DEVICES—PRESSES—FAILURE TO USE SAFETY DEVICES.

The contributory negligence of a worker who was injured while operating a press is a defense to the worker's negligence action against the manufacturer and designer of the press and the manufacturer and designer of the safety equipment on the press where the plaintiff's claim is that the defendants were negligent in the design, testing and manufacture of their products and the plaintiff is not alleging that the defendants negligently failed to provide safety equipment and where the contributory negligence of the plaintiff was his failure to use all of the safety equipment provided him.

CONCURRENCE BY M. J. KELLY, P. J.

7. PRODUCTS LIABILITY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE— SAFETY DEVICES—CONSTRUCTION INDUSTRY.

*The rule that contributory negligence is not a defense to a cause of action grounded on breach of duty to provide safety equip-*

ment should not be limited in its application to the construction industry.

8. PRODUCTS LIABILITY—MISUSE OF PRODUCTS—PROXIMATE CAUSES—DEFECTS.

A plaintiff in a products liability case may not recover if the injury is found to have stemmed from his own conduct, such as misuse of the product, and not from the product's lack of fitness for the intended purpose.

9. PRODUCTS LIABILITY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BREACH OF WARRANTY.

Contributory negligence is not a proper defense to a breach of warranty theory of liability in a products liability action.

10. PRODUCTS LIABILITY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS TO JURY—SAFETY DEVICES—DUTY OF MANUFACTURER—BREACH OF IMPLIED WARRANTY.

A trial court in a products liability action should have instructed the jury that contributory negligence is not a defense where the defendants were under a duty to provide a proper, adequate and suitable safety device and failed, and this failure was a proximate cause of the plaintiff's injuries; however, the trial court's failure to give the plaintiff's requested instruction did not result in manifest injustice where a breach of implied warranty issue presented the plaintiff's claim to the jury in the same light that the requested instruction would have presented it.

Appeal from Wayne, Richard D. Dunn, J. Submitted February 9, 1977, at Detroit. (Docket No. 26312.) Decided July 6, 1977. Leave to appeal applied for.

Complaint by Karl Tulkku against Mackworth Rees, Division of Avis Industries, Inc., and Illinois Tool Works, Inc., for damages for injuries received in an industrial accident. Judgment for defendants. Plaintiff appeals. Affirmed.

Goodman, Eden, Millender, Goodman & Bedrosian (by Joan Lovell, James A. Tuck and William H. Goodman), for plaintiff.

*Dice, Sweeney & Sullivan, P. C.* (by *Kenneth B. Howard, Jr.*), for defendant Mackworth Rees.

*Kitch & Suhrheinrich, P. C.,* for defendant Illinois Tool Works, Inc.

Before: M. J. KELLY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

R. M. MAHER, J. Plaintiff, while working at Chrysler Sterling Stamping Plant, lost a portion of his left hand in an industrial accident. He brought this action against defendants Mackworth Rees and Illinois Tool Works and, after a lengthy trial, the jury returned a verdict of no cause of action for both defendants. Plaintiff appeals.

When injured, plaintiff was one of two operators of a large press. A palm button assembly manufactured by defendant Mackworth Rees activated the press cycle. The assembly was designed to require each operator to press two palm buttons for the press to cycle. Incorporated in the assembly was a switch manufactured by defendant Illinois Tool Works. While plaintiff, with his right hand on a palm button, reached across the press bed with his left hand to adjust a piece of metal stock, the press cycled and severed his hand. Post-accident investigation by Chrysler indicated a broken switch in the palm button assembly caused the unexpected cycle of the press.

Plaintiff alleged negligence in design by both defendants, negligence in the manufacture of the palm button assembly by defendant Mackworth Rees and breach of implied warranties by both defendants. Defendants countered with allegations of contributory negligence and abusive treatment of the palm button assemblies at the Chrysler plant.

Plaintiff contends that several evidentiary rulings at trial require reversal of the judgment against him. He first argues that the court prevented him from introducing evidence that after his accident Chrysler changed the buttons and switches on the presses at the Sterling plant. This evidence, plaintiff claims, was relevant to show safer design.

In *Denolf v Frank L Jursik Co*, 395 Mich 661; 238 NW2d 1 (1976), the Supreme Court held that the rule excluding evidence of subsequent repairs is inapplicable when the repairs have been made by a third party not involved in the action.

"The rule is primarily grounded in the policy that owners would be discouraged from attempting repairs that might prevent future injury if they feared that evidence of such acts could be introduced against them. This policy consideration is absent in a case, such as this, where imposition of liability is not sought against the person taking the remedial action." 395 Mich at 667.

While policy considerations do not prevent evidence of subsequent repairs by nonparties, the evidence must be relevant to the issues of the case. In *Denolf,* the trial court admitted evidence showing the addition of a simple safety device to the machinery that had injured plaintiff. This evidence was clearly relevant to show alternate design feasibility.

On a separate record, a maintenance electrician testified that in the six months following plaintiff's accident Mackworth Rees buttons at the Sterling plant were replaced with Clark buttons using Square D switches. This evidence was relevant only if used as hearsay. The mere fact that buttons and switches were changed does not tend to show

that the replacements utilized different or better safety features. If, as plaintiff contends, the jury could infer an opinion on the part of Chrysler management about the relative safety of the several buttons and switches from testimony by an electrician that buttons and switches manufactured by defendants were replaced, then the evidence, although relevant, is hearsay. 2 Wigmore, Evidence (3d ed), § 267.

The hearsay aspect of subsequent repairs evidence is seldom discussed, because the policy against evidence of a party's repairs usually settles the question of admissibility and also because, if introduced against a party, the admission exception to the hearsay rule is applicable. 2 Wigmore, Evidence (3d ed), §§ 267, 283; McCormick, Evidence (2d ed), § 275.

It was not error here to exclude evidence of the changeover in buttons and switches. The ruling below did not prevent plaintiff from introducing evidence comparing defendant's products with others available. The jury heard testimony from the safety engineer at the Sterling plant on the safety features and accident histories of various buttons and switches.

Plaintiff is correct in his assertion that the court was in error in permitting defendants to call four Chrysler employees under the adverse party statute, MCLA 600.2161; MSA 27A.2161. *Thompson v Essex Wire Co,* 27 Mich App 516; 183 NW2d 818 (1970). The record does not disclose, however, any prejudice to plaintiff caused by this error and it cannot be a basis for reversal.

Plaintiff next appeals the ruling below to exclude a deposition exhibit. The exhibit, an intra-office memo written by a Chrysler employee, summarized several meetings between Chrysler em-

ployees and defendant Mackworth Rees employees held after plaintiff's accident. The memo disclosed that defendant Mackworth Rees offered to design and test new buttons for Chrysler. Plaintiff contends this evidence was relevant to the question of whether defendant Mackworth Rees or Chrysler had the responsibility to test the button assemblies that were involved in plaintiff's accident. In deciding this relevancy question against plaintiff, the trial court did not abuse its discretion. The slight tendency of this evidence to show that defendant Mackworth Rees had the obligation, several years before the meetings summarized in the memo, to test button assemblies must be weighed against the policy against admission of evidence of subsequent remedial measures by a defendant.

Plaintiff also argues that the court erred in refusing to give his requested charge on contributory negligence. Plaintiff requested that the court instruct that contributory negligence was not a defense to plaintiff's negligence action. Defendant objected, contending that plaintiff's failure to follow safety procedures available to him was negligent. The court gave the standard jury instructions on contributory negligence.

To support his position that the court's instruction on contributory negligence was inappropriate, plaintiff relies solely on *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974). In *Funk,* plaintiff was injured while working on steel beams without a harness, nets or other safety equipment. The Supreme Court wrote that contributory negligence is not a defense "if the trier of fact finds that the employer-defendant's breach of a common-law duty to provide safety equipment is the cause in fact of plaintiff's injury". 392 Mich at 114.

Our research has found two cases which have

held that when a worker is injured by a press not equipped with adequate safety devices, contributory negligence is not a defense to the worker's negligence action. Relying, as did *Funk,* on *Soronen v Olde Milford Inn, Inc,* 46 NJ 582; 218 A2d 630 (1966), *Bexiga v Havir Manufacturing Corp,* 60 NJ 402; 290 A2d 281 (1972), concluded that the defense of contributory negligence was unavailable in a negligence action premised upon the failure to provide palm button assemblies on a press.

"The asserted negligence of plaintiff—placing his hand under the ram while at the same time depressing the foot pedal—was the very eventuality the safety devices were designed to guard against. It would be anomalous to hold that defendant has a duty to install safety devices but a breach of that duty results in no liability for the very injury the duty was meant to protect against." 60 NJ at 412.

The same position on contributory negligence was taken in *Finnegan v Havir Manufacturing Corp,* 60 NJ 413; 290 A2d 286 (1972).

These two cases indicate the basis for the court's decision not to give an instruction based upon *Funk.* Here, the allegation of plaintiff was not that defendants negligently failed to provide safety equipment, such as palm buttons. Defendants manufactured the very safety equipment absent in *Bexiga* and *Finnegan.* Plaintiff's claim was that defendants were negligent in the design, testing and manufacture of their products. *Funk* recognized that workmen must often choose to work without safety equipment or not work at all. Plaintiff's alleged contributory negligence here was the failure to use all the safety equipment provided him. The policy behind *Funk's* rejection of contributory negligence was to encourage the use of

safety devices in hazardous work environments by placing the entire responsibility for injury upon the employer who fails to provide these devices. See also *Bexiga, supra,* at 412. When plaintiff did not utilize several of the safety devices provided him, such as a suction cup to move material in the press, the same policy does not require placing the entire responsibility for an injury upon the manufacturer of a safety device that allegedly fails because of negligent design or manufacture.

Affirmed. Costs to appellees.

J. H. Gillis, J., concurred.

M. J. Kelly, P. J. *(concurring).* I write to suggest a broader interpretation of *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974). I do concur in the result reached by the majority but for the reason that the requested charge would have duplicated the breach of warranty charge.

The record discloses that during this extremely complex and well contested 14-day trial, the trial judge exhibited admirably the patience, diligence and competence that bring distinction to that office. I think plaintiff got a fair trial. The issues raised are thin. Three of plaintiff-appellant's four citations of error concern rulings which required the exercise of discretion and which I believe could have gone either way. However, I think, no harm was done to the plaintiff's case by any of these rulings and certainly none was crucial.

As to the fourth issue, contributory negligence, I believe the court erred. Although the requested instruction was not a complete statement of applicable law, the trial court should have instructed the jury that contributory negligence is not a defense where the defendants were under a duty to provide a proper, adequate and suitable safety

device and failed, and this failure was a proximate cause of plaintiff's injuries.

In *Funk,* the Supreme Court held that the breach of a common-law duty of care to provide safety equipment which is the cause in fact of injury precluded the assertion of the defense of contributory negligence. 392 Mich at 113–114. Defendants urge that *Funk* should apply only to the construction industry and then only to claims involving failure to supply safety equipment as opposed to negligence in design manufacture and testing. In other words, if General Motors had put a flimsy net up under Funk and he fell through it, the doctrine would be inapplicable. I do not agree with either suggested limitation. There is no reason to limit the safety equipment doctrine to the construction industry and there is no reason to exclude from its operation negligent design, testing and manufacture.

The majority says:

"Here, the allegation of plaintiff was not that defendants negligently failed to provide safety equipment, such as palm buttons."

But it was—unless we are willing to say the safety equipment doctrine is limited in application to sins of omission and does not apply where the equipment was inadequate or defective. Plaintiff alleged in his amended complaint and at trial that defendants were negligent in failing to provide a safety device which would have prevented plaintiff's injury. Specifically, plaintiff asserted that defendants were negligent in failing to use a switch with a barrier between the circuits in the palm button assembly and in failing to manufacture the palm button assembly according to their own specifica-

tions and Chrysler's such that it would be "fail safe".

No complaint is made about the trial court's instruction on implied warranty. During that instruction the trial judge correctly stated:

"In understanding, of course, the nature of the liability of the manufacturer based on breach of an implied warranty, negligence and fault have no place in it and are not required to be proved."

The main thrust of the defense in this case was abuse of the product and that aspect of the case was very ably argued by both sides. The breach of warranty instruction was approved by appellant and both defendants. Contributory negligence was not charged in connection with the breach of warranty. It is not a proper defense to such a claim. But the question of the misuse or abuse of the product as it related to breach of warranty is properly directed to the issue of proximate cause. *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 17; 241 NW2d 738 (1976), *lv den,* 397 Mich 862 (1976).

In other words, plaintiff had the issue tried. He had a very good shot at convincing the jury that the defendants were guilty of a breach of implied warranty to which plaintiff's alleged contributory negligence in reaching his hand toward the die was not a defense. The jury did not accept this theory. Since the effect of the breach of implied warranty issue was to present the plaintiff's claim to the jury in the same light that the requested instruction would have presented, I agree that there was no manifest injustice.