ROYAL INDEMNITY COMPANY v H S WATSON COMPANY

Docket Nos. 78-22, 78-2211. Submitted May 4, 1979, at Detroit.—
Decided November 6, 1979.

> The Frank L. Jursik Company was found liable for injuries
> suffered by an employee of Borden, Incorporated, in an accident
> involving a lift device which was manufactured by the H. S.
> Watson Company, sold to Jursik, and installed by Jursik. Royal
> Indemnity Company, the insurer of Jursik, brought an action
> for contribution and indemnity against H. S. Watson Company,
> Watson Atlas Company, Overhead Door Corporation, Honey-
> well Incorporated, Borden Incorporated, and Automotive Rent-
> als. The Wayne Circuit Court, Thomas Roumell, J., granted
> summary judgment, in two separate orders, in favor of Honey-
> well, and in favor of Borden and Automotive Rentals, holding
> that as to those defendants the complaint failed to state a
> claim upon which relief could be granted. Plaintiff appealed the
> judgments and the two appeals were consolidated. *Held:*
>
> 1. The plaintiff has not discussed in its brief on appeal any of
> its claims or theories against Borden or Automotive Rentals.
> The summary judgment in favor of those defendants is there-
> fore affirmed.
>
> 2. The trial court erred in finding that Jursik was actively
> negligent and that its insurer could not, therefore, recover on
> its claim of indemnity. Also, because plaintiff's complaint spe-
> cifically avers that Jursik was not actively negligent, and
> because upon review of a summary judgment the pleadings of
> the nonmoving party must be accepted as true, the plaintiff is
> entitled to a trial on this issue.
>
> 3. The statute which governed actions for contribution at the
> time of the original action between the injured employee and
> Jursik did not require joinder or notice to co-tortfeasors as a
> condition for maintaining a later action for contribution, and
> the Court of Appeals, in light of Supreme Court precedent, will

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 685, 686, 691 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 879.
[3] 41 Am Jur 2d, Indemnity § 40.

not create such a rule. Therefore, the lack of notice to Honeywell during the pendency of the original action does not bar the plaintiff from maintaining the present action.

4. The action is not barred by either the statute of limitations or laches.

The summary judgment as to Borden and Automotive Rentals is affirmed. The summary judgment as to Honeywell is reversed.

1. APPEAL AND ERROR — ISSUES NOT BRIEFED OR ARGUED.

Any issue not briefed and supported on appeal is considered abandoned; mere statement of a position without argument or citation of authority is insufficient for consideration by an appellate court.

2. APPEAL AND ERROR — SUMMARY JUDGMENT — COURT RULES.

The Court of Appeals must accept as true all well pleaded allegations of the complaint when considering a trial court's grant of summary judgment to a defendant for failure to state a claim upon which relief could be granted (GCR 1963, 117.2[1]).

3. TORTS — INDEMNIFICATION — CO-TORTFEASORS — NOTICE — STATUTES.

The former statute governing actions for indemnification against co-tortfeasors did not require a principal defendant in a tort action to join the co-tortfeasor in the original action or to otherwise give notice to the co-tortfeasor in order to maintain an action for indemnification or contribution (MCL 600.2925; MSA 27A.2925, repealed by 1974 PA 318, § 2).

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jeanette A. Paskin* and *Larry Mason*), for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *James N. Martin* and *Michael F. Schmidt*), for defendants Borden Incorporated and Automotive Rentals.

*Sullivan, Ranger, Ward & Bone,* for defendant Honeywell, Incorporated.

Before: J. H. Gillis, P.J., and Beasley and R. B. Webster,* JJ.

Per Curiam. This suit arose out of a prior action in Wayne County Circuit Court titled *Denolf v Frank L Jursik Co.* Previous appeals concerning the original suit are reported at 54 Mich App 584; 221 NW2d 458 (1974), and 395 Mich 661; 238 NW2d 1 (1976). The following facts, taken from the statement of facts in the previous appeals, will serve as a background for the present case. Denolf worked for the Borden Company. Borden rented a milk truck from Automotive Rentals. The truck was equipped with a lift device. The lift was manufactured by the H. S. Watson Company, which sold it to Jursik Company. Jursik Company installed the lift on the milk delivery truck. Denolf was injured while using the lift on October 14, 1969. In Denolf's suit against Jursik, a special verdict was rendered in which the jury answered "No" to the question, "Were plaintiff's injuries caused because he activated the elevator by moving either of the control handles with his right hand?"

Plaintiff, insurer and subrogee of Jursik, filed the present action against the defendants seeking contribution and indemnity from the named defendants. Defendants Honeywell, Borden, H. S. Watson Company, Watson Atlas Company, and Automotive Rentals filed motions for summary judgment pursuant to GCR 1963, 117.2(1), asserting that the complaint failed to state a claim upon which relief may be granted. The lower court granted the motions for summary judgment as to defendants Honeywell, Borden and Automotive Rentals but denied the motions of H. S. Watson

* Circuit judge, sitting on the Court of Appeals by assignment.

Company and Watson Atlas Company. Also denied was the motion for accelerated judgment filed by Overhead Door Company. Plaintiff is now appealing the summary judgments granted to Honeywell, Borden and Automotive Rentals.

We reverse the lower court's summary judgment as to Honeywell and affirm as to Borden and Automotive Rentals.

The brief of appellant does not discuss any of its claims or theories against Automotive Rentals or Borden. There is mention of Borden and Automotive Rentals in the statement of facts and prayer of the brief but the statement of issues and authorities cited are bereft of any mention of these parties. It is well settled that any issue not briefed and supported on appeal is considered abandoned.

In *Froling v Bischoff,* 73 Mich App 496, 500; 252 NW2d 832 (1977), this Court held:

" 'It is well settled that mere statement of a position without argument or citation of authority is insufficient to be considered by an appellate court.' *Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707, 719; 211 NW2d 88 (1973)."

Accordingly, the summary judgments granted in favor of Borden and Automotive Rentals are affirmed.

The trial court granted summary judgment to Honeywell for the following reasons:

1. The court held that in the original action, Jursik, plaintiff's subrogee, was found to be actively negligent and therefore could not seek indemnity from Honeywell.

2. The court held that plaintiff could not seek contribution from Honeywell because Jursik had not "vouched in" Honeywell by notice of the origi-

nal action; that it had not sought to implead
Honeywell as a third-party defendant; nor was
Honeywell subject to a joint judgment as required
by RJA § 2925(1), MCL 600.2925(1); MSA
27A.2925(1). The court also held that since contri-
bution is equitable in nature, the claim was barred
by laches.

The trial court predicated its summary judg-
ment on the issue of indemnity on its statement
that after examination of the record of the case
and the appellate decisions in *Denolf v Jursik,*
*supra,* it was persuaded that Jursik was guilty of
active negligence and therefore foreclosed from
assertion of a claim of indemnity. This finding is
apparently based on the jury's negative response
to the special verdict question:

"Were plaintiff's injuries caused because he activated
the elevator by moving either of the control handles
with his right hand?"

It cannot be concluded from this verdict that the
jury found Jursik actively negligent. It only found
that Denolf did not cause his own injury by mov-
ing the control handles. The complaint in this case
specifically avers that Jursik was not actively
negligent. Plaintiff is entitled to a trial of this
issue. It is axiomatic that this Court must accept
as true all well pleaded allegations of the com-
plaint in considering a motion for summary judg-
ment under GCR 117.2(1). *Borman's, Inc v Lake
State Development Co,* 60 Mich App 175; 230
NW2d 363 (1975), *Minster Machine Co v Diamond
Stamping Co,* 72 Mich App 58; 248 NW2d 676
(1976), *Todd v Biglow,* 51 Mich App 346; 214
NW2d 733 (1974). If plaintiff can prove that Jursik
was not actively negligent, and that defendant was
negligent, then it may be indemnified. *Dale v*

*Whiteman,* 388 Mich 698; 202 NW2d 797 (1972), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974), *Minster Machine Co v Diamond Stamping Co, supra,* and *Provencal v Parker,* 66 Mich App 431; 239 NW2d 623 (1976).

The more difficult issue arises from Jursik's failure to notify Honeywell of the pendency of the action against it, either by impleader or other notice.

MCL 600.2925; MSA 27A.2925, now repealed by 1974 PA 318, § 2,[1] was in effect at the time of this suit. It stated,

"Sec. 2925. (1) Whenever *a money judgment has been recovered jointly against 2 or more defendants* in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution. No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment.

\* \* \*

"(3) An insurer of a person jointly or severally liable with 1 or more other persons upon a judgment for the same private wrong, which insurer has on behalf of its insured, discharged the common liability by payment, or has paid more than its insured's pro rata share thereof, shall be entitled to assert either in its own name or in the name of its insured any right to contribution which such insured would have acquired by such payment.

---

[1] The new act, MCL 600.2925a(5); MSA 27A.2925(1)(5), specifically requires notice and opportunity to defend as elements of the statutory right to contribution.

"(4) Any claim for contribution hereunder must be asserted within 6 months after discharge by such party of the common liability or payment of more than his pro rata share." (Emphasis added).

The trial court held that Jursik's failure to implead or notify Honeywell of the former action barred any right to contribution as a matter of law and by application of the equitable doctrine of laches. The court further stated that, while it did not reach the issue because of its finding active negligence as to Jursik, it was disposed to a similar ruling on the issue of indemnity.

The effect of the lower court's ruling is to create a requirement that in order to assert a right of contribution against a co-tortfeasor, it is necessary to either join that tortfeasor in the initial action or to "vouch in" that co-tortfeasor by notice of the asserted claims. We find no authority to that effect, and are persuaded that the teaching of *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970), is to the contrary.

In *Moyses,* the Supreme Court considered a case where the principal defendant had attempted to implead a co-tortfeasor and the trial court had, in an appropriate exercise of discretion, denied the motion to implead. The Supreme Court held that this denial could not defeat any substantive right of the principal defendant against the alleged co-tortfeasor by way of contribution. In so holding, the Court said, 383 Mich at 333:

"However, should Spartan [the original defendant] give notice to defend, both to the New York and French corporations [the non-parties from whom contribution will later be sought], all of its substantive rights if any as against those corporations will under the foregoing italicized comment be fully protected. For the practice

and its effect, see *Grant v Maslen* (1908), 151 Mich 466 [115 NW 472], and *Grand Rapids Lumber Co v Blair* (1916), 190 Mich 518 [157 NW 29]."

Examination of the cited cases, *Grant v Maslen, supra,* and *Grand Rapids Lumber Co v Blair, supra,* indicates that the procedure of "vouching in" a co-tortfeasor is of tactical significance in indemnity cases because, as stated in *Grand Rapids Lumber Co v Blair,* 190 Mich at 526:

"In such cases the weight of authority indicates that a former judgment against the indemnitee, in which notice of the litigation is not given to the party who may be liable over, is adequate to create a right of action against the latter, and admissible as *prima facie* proof of his liability, though the omission to give notice gives him the right to make any defense which he could have made in the former action, with the burden of proof shifted to him."

Thus, it is apparent that the Supreme Court in *Moyses, supra,* did not intend that failure of notice of a claim against a principal defendant to a co-tortfeasor would bar a right to claim contribution. The opinion strongly implies that the right will survive, without notice, and indicates the tactical effect of giving notice. In this regard it should be noted that there is no showing in the opinion in *Moyses, supra,* that the alleged co-tortfeasors had ever been given any notice of the existence of the claim against the principal defendant Spartan. The opinion of the Supreme Court was published in 1970 and the original accident giving rise to the cause of action occurred in 1965. In view of this perception of the holding in *Moyses, supra,* we do not feel that it is appropriate to accept Honeywell's invitation to create a judicially made rule requiring notice to a co-tortfeasor of the pendency

of an action against the principal defendant as a predicate of a right to contribution upon payment of judgment.

In this cause the action for contribution against Honeywell was commenced within six months of the payment of the judgment against Jursik, and therefore is within the requirements of MCL 600.2925(4). The action is not barred by statute of limitations and *Moyses, supra,* has held that a joint judgment is not required to assert a right of contribution.

Honeywell contends, and the trial court held, that any claim of contribution must be barred by laches. There is no showing in the record of this cause of any hardship or inequity that is inflicted on Honeywell other than the passage of time. There is compliance with the applicable statute of limitations, and the trial court's holding on this issue is not documented by sufficient facts to sustain application of the doctrine of laches as a bar to the complaint.

The summary judgment as to Honeywell is reversed; the summary judgment as to Borden and Automotive Rentals is affirmed.