## RIVERS v FORD MOTOR COMPANY

Docket No. 77-2686. Submitted February 5, 1979, at Detroit.—Decided April 18, 1979.

Plaintiff, Mary R. Rivers, while employed as a press operator for the Regal Stamping Company, suffered the traumatic amputation of three fingers on her left hand. Plaintiff brought an action against Ford Motor Company, the owner of the dies used in the press, for damages for personal injuries, alleging that Ford had breached its duties to her by allowing Regal to use unguarded dies. Judgment of no cause of action in favor of defendant, Wayne Circuit Court, Thomas J. Brennan, J. The plaintiff appeals alleging that the trial court erred 1) in instructing the jury on plaintiff's contributory negligence, 2) in failing to give the plaintiff's requested instruction on comparative negligence and 3) in instructing the jury on intervening negligence. *Held:*

1. Contributory negligence is not a defense when a defendant breaches a common-law duty to provide safety equipment and this breach is the cause in fact of a plaintiff's injury. In the instant case, the defendant had provided safety equipment which had been removed by Regal. However, Regal had provided the plaintiff with a different safety device which she failed to use. This failure of the plaintiff to use the safety equipment provided was the cause in fact of the accident. The instruction on the plaintiff's contributory negligence was proper.

2. Recent case precedent which replaced the doctrine of contributory negligence with that of comparative negligence was given limited retroactive effect. The case at bar fits the Supreme Court guidelines for retroactive application of the new doctrine. The failure to give an instruction on comparative negligence requires that this case be reversed and the matter remanded for a new trial.

3. In light of the fact that the plaintiff introduced no evi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 303, 304, 314.

[2] 57 Am Jur 2d, Negligence § 426 *et seq.*

[3] 57 Am Jur 2d, Negligence §§ 8, 76, 199 *et seq.*

dence which would have shown that Ford could have reasonably foreseen that Regal would remove the safety equipment provided, the court did not commit reversible error in not instructing the jury that intervening negligence of a third party is not a superseding cause which would defeat Ford's liability if Ford could have reasonably foreseen the intervening negligence. If the plaintiff, on retrial, can offer evidence that the defendant should have reasonably foreseen Regal's removal of the safety equipment provided by defendant, the Standard Jury Instruction on intervening negligence should be supplemented.

Reversed and remanded.

1. NEGLIGENCE — MASTER AND SERVANT — CONTRIBUTORY NEGLIGENCE — SAFETY EQUIPMENT — COMMON-LAW DUTY.

Contributory negligence is not a defense in an action for damages based on a breach of the common-law duty to provide safety equipment where this breach is the cause in fact of a plaintiff's injuries.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — COMPARATIVE NEGLIGENCE — CASE PRECEDENT — LIMITED RETROACTIVE EFFECT.

The Supreme Court has replaced the doctrine of contributory negligence with that of comparative negligence; the Court gave this new doctrine limited retroactive effect, holding that it is applicable "to any case presently [February 8, 1979] pending on appeal in which application of the doctrine was requested at the trial court and the issue preserved for appeal".

3. NEGLIGENCE — INSTRUCTIONS TO JURY — INTERVENING NEGLIGENCE — FORESEEABILITY.

A supplemental instruction to inform the jury in a negligence action that intervening negligence is not a superseding cause which would defeat a defendant's liability if the defendant could have reasonably foreseen the intervening negligence should be given where the plaintiff offers evidence that the defendant should have foreseen the intervening negligence.

*Philo, Atkinson, Darling, Steinberg & Harper,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *John E. S. Scott* and *John A. Stevens),* for defendant.

Before: DANHOF, C.J., and BRONSON and BEAS-LEY, JJ.

PER CURIAM. Plaintiff appeals as of right a judgment in favor of defendant Ford Motor Company pursuant to a jury verdict of no cause of action on plaintiff's complaint.

On October 17, 1972, while employed as a press operator for the Regal Stamping Company in Detroit, Michigan, plaintiff Mary Rivers suffered the traumatic amputation of three fingers of her left hand. The injury occurred when plaintiff's hand was in the die space of the press. Although Ford had originally outfitted the die with "kickers" that would automatically eject parts from the press, these had been removed by Regal. The dies were not "guarded" in any other fashion to prevent press operators from placing their hands in the die space, although Ford offered evidence that Rivers had been supplied with tongs by Regal to insert and remove parts from the press, and had been repeatedly told to use them.

Plaintiff then commenced this personal injury action against Ford Motor Company alleging that the defendant Ford Motor Company had violated its duties to the plaintiff by allowing the unguarded dies to be used by Regal.

First, relying on *Funk v General Motors Corp*, 392 Mich 91; 220 NW2d 641 (1974), plaintiff claims that the trial court erred in instructing the jury on plaintiff's contributory negligence. *Funk* held that contributory negligence is not a defense when defendant breaches a common-law duty to provide safety equipment and this breach is the cause in fact of plaintiff's injury. In the present case defendant did install safety equipment on the dies, namely the kickers, and thus the first part of the

*Funk* test is not satisfied. Furthermore, plaintiff was provided with safety tongs which she failed to use, and if she had used them, the accident would not have occurred. Therefore, the cause in fact of the accident was not the failure to provide safety equipment, but plaintiff's failure to use the safety equipment provided. The rule announced in *Funk* is thus not applicable. *Tulkku v Mackworth Rees, Division of Avis Industries Inc,* 76 Mich App 472; 257 NW2d 128 (1977), *lv gtd* 402 Mich 928 (1978).

Although the rule announced in *Funk* is not applicable and plaintiff's negligence is a relevant consideration in determining defendant's liability, the Michigan Supreme Court in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), replaced the doctrine of contributory negligence with that of comparative negligence. The Court gave this new doctrine limited retroactive effect, holding that it is applicable "to any case presently pending on appeal in which application of the doctrine was requested at the trial court and the issue preserved for appeal". *Placek* at 667. In the present case, plaintiff objected at trial to the instruction on contributory negligence and submitted to the trial court an alternate instruction on comparative negligence. On appeal the plaintiff labeled as error the trial court's failure to give the instruction on comparative negligence. The issue was therefore preserved for appeal and the case must be reversed for a new trial.

Plaintiff next contends that the trial court erred in instructing the jury on intervening negligence. The instruction given was virtually identical to SJI 15.05. Plaintiff claims, however, that the standard jury instruction is not accurate because it does not inform the jury that the intervening negligence is not a superseding cause which would

defeat defendant's liability if defendant could have reasonably foreseen the intervening negligence. *Comstock v General Motors Corp,* 358 Mich 163; 99 NW2d 627 (1959), 2 Restatement Torts, 2d, § 447, p 478. Plaintiff's point may have been well taken except that plaintiff indicates no evidence introduced below which would have shown that Ford could have reasonably foreseen that Regal would remove the kickers which Ford had installed on the dies. This being the case, the supplemental instruction which plaintiff now advocates was not applicable to the case and the trial court's failure to give it was not reversible error. However, if upon retrial, the plaintiff can offer evidence that defendant should have reasonably foreseen Regal's action, SJI 15.05 should be supplemented to correspond to the Supreme Court's opinion in *Comstock.*

Finally, plaintiff alleges that numerous other instructions given by the trial court were erroneous. These instructions were not objected to at trial and therefore the alleged errors were not preserved for appellate review. *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965). If upon retrial these issues are brought to the attention of the trial judge, he can make whatever rulings are appropriate and perhaps even find solutions that are satisfactory to both parties. This being the case, we see no reason to anticipate plaintiff's objections and the trial court's rulings and decide the issues now. Therefore, we express no opinion on the merits of the other issues raised by plaintiff.

Reversed and remanded.